SLATER v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

1. **Railroads;** INJURY TO PERSON CROSSING TRACK: CONTRIBUTORY NEGLIGENCE. The plaintiff, a boy of about twelve years, was riding with his mother in a carriage driven by his mother's servant. While attempting to cross the defendant's track, the carriage was struck by a passing locomotive, and plaintiff was seriously injured. The driver was careless in not stopping at a proper place and looking for an approaching train, and the mother was careless in not requiring the driver so to stop and look. *Held* that this carelessness must be imputed to the plaintiff, and that a judgment in his favor must be reversed.

*Appeal from Johnson District Court.*

THURSDAY, MARCH 10.

ACTION at law to recover for personal injuries sustained by plaintiff, resulting from a locomotive, operated upon defendant's road, striking a carriage wherein plaintiff and others were riding; the driver having attempted to cross the railroad track before the engine. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*S. K. Tracy* and *Boal & Jackson*, for appellant.

*S. H. Fairall, C. S. Ranck* and *H. F. Bonordon*, for appellee.

BECK, J.—I. The plaintiff, a boy of about twelve years of age, with a brother probably younger than himself, his

mother, a young woman, and a driver, were riding for pleasure in a carriage through the streets of Iowa City, in the night-time. They drove along a street which runs parallel with, and about 100 feet from, the street upon which defendant's railroad is constructed, until they approached the point where the Chicago, Rock Island & Pacific Railroad crosses over defendant's road by a bridge. Here they left the street, following a track down the descent to defendant's road, which it was the purpose of the driver to cross. When attempting to do so, a locomotive running upon defendant's road struck the carriage, and all were more or less injured, the plaintiff very severely, his arm being so torn and crushed as to render amputation necessary, and his skull fractured. The evidence probably shows that defendant was negligent in running the engine at a high rate of speed, in failing to give signals of its approach, and in having no watchman at the crossing of the street over its road. But of these matters we need not inquire, in the view we take of the case.

II. In our opinion, the evidence shows, without conflict, that the driver was negligent in attempting to cross the railroad track without making an effort to discover whether there was a train approaching; and the mother shared in this negligence, in that she failed to require the driver, at a proper place, to stop, and watch and listen for the approaching train. No question is raised upon the point that the negligence of the driver and mother, in whose charge the plaintiff was at the time, would defeat recovery under the rule of contributory negligence recognized by this court. We need not, therefore, examine or consider the doctrine regarding it, as it is not in dispute, but recognized by counsel as the law of this case.

The evidence of the mother, young woman, and driver, show that, before they had made the descent to the defendant's road, the carriage was stopped for the purpose of discovering what course a train on the other road would take. They probably all unite in stating that they then listened

Slater v. The Burlington, Cedar Rapids & Northern R'y Co.

and watched for a train on defendant's road.  But there can be no question that from their position no such train could have been discovered.  The driver says that he stopped again, before he reached defendant's road, to watch and listen, but the other witnesses do not support him in this statement. We are inclined to think that he is mistaken in the statement. But certain it is that, if he did stop, it was at a place from which the view was cut off by an embankment of the other road and the abutments of the bridge, or that he did not look with attention.  He knew of the existence of the embankment and abutments, and the exercise of the smallest degree of attention would have revealed to him the fact that they cut off the view.  He therefore did not look in the direction the train was approaching, or, if he did, it was with such want of attention and thought as to amount to culpable heedlessness, and to render him chargeable with gross negligence.  In the exercise of a moderate degree of care, and a low degree of intelligence, the driver, by stopping and listening at a proper point, could have discovered the danger into which he was heedlessly taking those in his charge, and the exercise of this same degree of intelligence and care would have enabled him to determine the point at which he should have stopped.

In our opinion, the district court should have sustained the motion of defendant's counsel for direction to the jury to return a verdict for defendant.  As this conclusion is decisive of the case, other questions discussed by counsel need not be considered.

REVERSED.