The City of Michigan City *v.* Ballance.

No. 14,203.

## THE CITY OF MICHIGAN CITY *v.* BALLANCE.

CITY.—*Defective Sidewalk.*—*Injuries Caused by.*—*Action to Recover for.*—*Complaint.*—*Husband and Wife.*—Where, in a complaint to recover for injuries caused by a defective sidewalk, it does not appear that the plaintiff is a married woman, and the prayer is broad enough to cover all damages for which a recovery might be had because of the alleged injuries, the objection made for the first time in the Supreme Court that the cause of action stated only relates to money expended on account of the injuries received, and that for damages of this character the husband must bring the action, will not be sustained.

SAME.—*Verdict.*—*Sufficiency of Evidence to Sustain.*—Where the evidence in such action, the plaintiff being free from contributory negligence, shows that the accident occurred, that the plaintiff received serious bodily injuries, suffering great pain, and in consequence gave premature birth to a child, and that the accident occurred at a point immediately in front of the mayor's residence, over which he passed daily, tending to show that the city had notice of the defective condition of the walk, a verdict for the plaintiff will be not reversed on the ground that it is not sustained by sufficient evidence.

PRACTICE.—*Excessive Damages.*—*Question of How Presented to Supreme Court.* —*New Trial.*—To present the question of excessive damages to the Supreme Court it must be assigned as a cause for a new trial.

From the La Porte Circuit Court.

*W. A. Bruse, J. A. Thornton* and *M. Nye,* for appellant.
*H. B. Tuthill* and *L. A. Cole,* for appellee.

BERKSHIRE. J.—The appellee was the plaintiff, and the appellant the defendant, in the court below.

The complaint is in two paragraphs, not materially different, and charges negligence upon the appellant in allowing a certain sidewalk along one of its streets to get out of repair, because of which the appellee was seriously injured in her person, greatly to her damage.

To the complaint the appellant filed an answer in general denial.

The cause was submitted to the jury, and a verdict returned for the appellee in the sum of $700.

The appellant moved the court for a new trial, which motion the court overruled and the proper exception was saved.

The appellant has assigned a number of errors, but we must disregard all of them, but the first and tenth, as relating to matters not properly assignable as error in this court.

By the tenth error the sufficiency of the complaint is brought in question, the attack thereon being made for the first time in this court.

It is contended that the appellee, being a married woman, the cause of action stated was in her husband, and that he alone can maintain the action.

The contention is that the. cause of action stated only relates to money which was laid out and expended on account of the injuries received, and that for damages of this character the husband, and not the wife, must bring the action.

There may be cases where the husband, and not the wife, would be the proper party to sue for money expended because of injuries suffered by the wife, but we are not willing to concede that this would be true in a case where the wife's money, and not the husband's, is laid out and expended. But no such question arises upon the complaint here under consideration.

It nowhere appears in the complaint that the appellee was a married woman ; this fact appears upon the trial, but not in the complaint ; and then the scope and theory of the complaint is much broader than the appellant's counsel are willing to admit.

We make the following quotation from the first paragraph: "That said plaintiff was thrown forward and sideways with great violence and force to the ground, whereby her hands, knees, face, and other parts of her body, were bruised, injured, and wounded, and by reason of the great fright and violent wrenching and straining of her body she suffered a miscarriage, whereby her life was endangered, her health

greatly and permanently impaired, and suffered great mental and bodily pain and anguish, and has become, and is, thereby permanently disabled and crippled."

The prayer is amply broad to cover all damages for which a recovery might be had, because of the alleged injuries.

We have no doubt as to the sufficiency of the complaint as against a demurrer, and, *a fortiori*, we are satisfied that it is good when attacked for the first time by the assignment of error in this court.

The first error assigned relates to the ruling of the court in overruling the motion for a new trial.

The motion for a new trial states but two causes : "1. That the verdict is not sustained by sufficient evidence. 2. That the verdict and judgment are contrary to law and the evidence."

The second reason presents no question not covered by the first.

We have carefully examined and considered the evidence ; that the accident occurred, and that the appellee received serious bodily injury, and suffered great pain, and gave premature birth to a child with which she was pregnant at the time of the accident, there seems to be no question.

We think the jury might well have come to the conclusion, from the appellant's testimony alone, that the sidewalk where the accident occurred was in a dilapidated and unsafe condition.

The testimony of the appellant, as well as that of the appellee, tended strongly to show that the city had notice of the condition of the sidewalk.

The accident occurred at a point immediately in front of the residence of the mayor of the city, and over which he passed day after day.

There is no evidence tending to show contributory negligence on the appellee's part ; so far as the evidence discloses she was guilty of no negligence. But it is contended that

the damages assessed are excessive; the record presents no such question.

To present this question it should have been assigned as a reason for a new trial. But we do not think the damages assessed are unreasonable.

In view of the injury sustained, with all of its proximate results, we think the verdict of the jury was very reasonable.

We find no error in the record.

The judgment is affirmed, with costs.

Filed April 22, 1890.