SMITH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

Dissenting opinion. For majority opinion, see 38 N. Y. Supp. 666.

FOLLETT, J. (dissenting). The only acts of the plaintiff or of his driver which the defendant asserts were negligent and contributed to the accident were: (1) The conduct of the driver in the management of the team at the crossing; (2) the failure of the plaintiff to look attentively and listen for trains; (3) the failure of the driver to look attentively and listen for trains.

The defendant requested the court to charge the following propositions:

"(1) That if Speer, the driver of the horses, was negligent in not exercising care in approaching the crossing, or at the crossing, Mr. Smith, the plaintiff, is chargeable with Speer's negligence and the consequences thereof. (2) That if Speer, the driver, failed to look for the train, or pay any attention to its approach, he was guilty of negligence, and Smith, the plaintiff, is chargeable therewith; and, if the jury find that Speer's negligence contributed to the accident, the plaintiff cannot recover. (3) That Speer, by his own admissions, in not looking for the train, or paying any attention to its approach, was guilty of negligence in his manner of approaching the crossing."

The first request was charged. To the second request the court replied:

"I decline that. The law about that is just this: Speer was the hired man there. He was under the control of Smith, and if Smith himself was using proper care, and watching out for that train, then it made no difference whether Speer was doing it or not; but if Smith was not doing anything, and leaving it to Speer to see, not only about the driving of the horses, but watching out for the train, and trusting the whole matter over to Speer, then Speer's negligence would be the negligence of Smith. But if Smith was taking care for himself, then it does not make any difference whether Speer was there or not, because Smith was doing all he was called upon to do."

The driver was the servant of the plaintiff, and was acting under his immediate supervision, and, if he negligently managed the team, and so contributed to the accident, his negligence was imputable to the plaintiff, and he was not entitled to recover. This proposition was distinctly charged in response to the first request. It had been also expressly charged that, if the plaintiff failed to look attentively and listen for trains, he could not recover. The verdict being for the plaintiff, the jury must have necessarily found that he did attentively look and listen.

The second request asserts, in effect, that if the plaintiff looked and listened with care and attention, and the driver failed to look and listen, he was negligent, and that such negligence was imputable to the plaintiff. I do not think that, when a master and his servant are riding together in a wagon, and the servant is driving, and the eyesight and hearing of each are equally good, if the master looks and listens, and the servant attends with due care to the

management of his team, the failure of the latter to look and listen is, as a matter of law, negligence, but whether both should have looked and listened was, under the circumstances of this case, a question of fact. Under the rule laid down in the prevailing opinion, if there had been two or more servants riding with the master, it would have been necessary to show that every one looked and listened, in order to show freedom from contributory negligence. I do not think this can be affirmed as an absolute rule of law. This accident occurred in the daylight, at a crossing familiar to the plaintiff and his servant. The plaintiff sat facing the direction from which the train came, the driver partly facing in the opposite direction, and, under the circumstances, the jury had a right to find as a fact that one good lookout was sufficient to establish freedom from contributory negligence in this respect. Had the second instruction prayed for been given, this right would have been taken from the jury.

Defendant's counsel "excepted to the refusal to charge, and to the charge as made." He does not challenge the correctness of one of the propositions contained in the third instruction now under consideration, to wit:

"If Smith was not doing anything, and leaving it to Speer to see, not only about the driving of the horses, but watching out for the train, and trusting the whole matter over to Speer, then Speer's negligence would be the negligence of Smith."

A general exception to a paragraph of a charge which contains two or more propositions, one of which is correct and the others incorrect, raises no question which can be considered on appeal. By this request the court was asked to charge, as a rule of law applicable to this case, that the failure of the driver to look and listen was contributory negligence, and a bar to a recovery. The court was not requested to charge that the jury might find as a fact that the failure of the driver to look and listen was negligence, and, if so found, the plaintiff could not recover. Nor was the attention of the court called to this proposition by an exception.

The third request simply repeats in different form a proposition of the second request, that the failure of the driver to look and listen was as a matter of law negligence, and was properly refused.

ADAMS, J., concurred.