(29 Civ. Proc. R. 67; 27 Misc. Rep. 23.)

### TINKER v. CITY TRUST, SAFE-DEPOSIT & SURETY CO. OF PHILADELPHIA.

(Supreme Court, Special Term, New York County. March, 1899.)

BAIL—RECONVEYANCE OF SECURITY—ACTIONS—DEFENSES.

In an action to compel a surety on a bail bond to reconvey property conveyed to him as security against liability, a defense that under Code Civ. Proc. § 385, prescribing a limitation of a year against a sheriff on a liability incurred by him, it could not be determined that there would be no liability on the bond until the expiration of the year, is unwarranted, where the time for which the judgment debtor could be imprisoned, under Id. § 111, had expired, the prisoner was within the limits on the date of its expiration, and no action was then pending against the sheriff for an escape.

Action by Matilda G. Tinker against the City Trust, Safe-Deposit & Surety Company of Philadelphia. Judgment for plaintiff.

Nelson Smith, for plaintiff.
Dayton & Swift, for defendant.

BOOKSTAVER, J. This is an action to compel the defendant company, the surety upon a bail bond, to reconvey to the plaintiff property conveyed to it by her to be held as security against its liability upon such bond. It is conceded that the judgment debtor was arrested on July 12, 1897. The statute (section 111, Code Civ. Proc.) permits imprisonment within the jail limits of any jail for a period of only six months. That period expired on the 12th day of January, 1898, on which date it is undisputed that the prisoner was within the limits, and that no action was then pending against the sheriff for an escape. The defendant takes the position that, under section 385 of the Code of Civil Procedure, which prescribes a limitation of one year for "an action against a sheriff or coroner, upon a liability incurred by him, by doing an act in his official capacity, or by the omission of an official duty," it could not be determined that there would be no liability upon the bail bond until the year so prescribed should have passed without action begun against the sheriff. This argument loses sight of the fact that on the last day of the period of six months the prisoner was within the limits, and the rule of law that, where an escape has been

made by a prisoner through the negligence of the sheriff, the return of the prisoner before suit brought constitutes a defense to the sheriff (Cortis v. Dailey, 21 App. Div. 1, 47 N. Y. Supp. 454; Littlefield v. Brown, 1 Wend. 398; Lansing v. Fleet, 2 Johns. Cas. 3), and therefore, of course, to his indemnitor. If, on the other hand, an escape took place with the sheriff's consent, the result is the same, so far as the indemnitor is concerned. In that case, it is true, the default of the sheriff is not purged by the return of the prisoner, but the sheriff's consent to the escape discharges both principal and sureties on the bond given by them for the jail liberties. Buttling v. Hatton, 18 App. Div. 128, 47 N. Y. Supp. 720; Wemple v. Glavin, 5 Abb. N. C. 360. It is wholly immaterial, therefore, whether any escape was made or not, because, if made, and whether voluntary or negligent on the sheriff's part, there could, in neither case, be any liability against the defendant, and the defense to the action was unwarranted.

Judgment for plaintiff, with costs and $100 extra allowance.