SUSANNA CUNNINGHAM v. CITY OF THIEF RIVER FALLS
and Another.[1]

June 21, 1901.

Nos. 12,662—(135).

## Personal Injury—Defective Street.

Plaintiff was invited by some friends to accompany them from their home to defendant city of Thief River Falls. The party was composed of four persons, and proceeded to said city in a two-seated spring wagon drawn by a team of horses driven by one Alexander, a member of the party. After arriving at said city, and when crossing the track of defendant railway company as it extends across one of the streets of the city, plaintiff was thrown from the wagon and injured, by reason of the alleged defective condition of the street. In an action for damages for such injuries, it is *held* that the evidence is sufficient to sustain the verdict of the jury, to the effect (1) that the street was defective and not in good repair for public use; (2) that defendants were chargeable with actionable negligence with respect to such condition; (3) that plaintiff was not guilty of contributory negligence; and (4) that the defective condition of the street was the proximate cause of her injury.

## Notice of Defect.

Actual notice to officers of a municipality of the defective condition of its streets, where such officers are clothed with general powers and duties with reference to the supervision and control of the corporate affairs, or are clothed with specific duties as to the care of the streets, is notice to and binding upon the municipality.

## Contributory Negligence.

Whether plaintiff was chargeable with contributory negligence, because of the defective condition of the vehicle in which she was riding, was, under the evidence in the case, a question of fact for the jury.

[1] Reported in 86 N. W. 763.

### Joint Enterprise—Persons in Same Wagon.

It does not follow that, because several persons are occupants of the same vehicle, they are engaged in a joint enterprise, within the meaning of the law of negligence. In order to constitute a joint enterprise on the part of such persons, within the purview of such law, there should exist between them a joint, or community of, interest in the objects of the enterprise, and an equal right to direct and control the movements and conduct of each other with respect thereto. It is *held* in this case that, within this rule, plaintiff was not engaged in a joint enterprise with the driver of the vehicle in which she was riding at the time of her injury, and the negligence of the driver was not imputable to her.

### Railway Track in Public Street.

A railway company may enter upon a public street or highway and appropriate it for railroad purposes by laying its track thereon, when authorized to do so by law, but such use must not interfere with the public travel; and the company must, in such case, restore the street to its ordinary condition, and maintain the railway crossing in reasonably safe repair for public use. And this duty and obligation is a continuing one, and exists independently of any obligation on the part of the municipality.

Action in the district court for Red Lake county against defendant city, and Great Northern Railway Company, to recover $15,000 damages for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff, against both defendants for $4,000. From an order denying a motion for judgment in favor of defendants, notwithstanding the verdict, and denying a motion for a new trial upon condition that plaintiff consent to a reduction of the verdict to $2,500, defendants appealed. Affirmed.

*Ira C. Richardson, Horace E. Bagley* and *C. Wellington*, for appellants.

*H. Steenerson* and *Charles Loring*, for respondent.

BROWN, J.

This action was originally brought against defendant city of Thief River Falls to recover damages alleged to have been caused by the defective condition of one of its streets. Subsequently, upon application of the city, the Great Northern Railway Company was made a party defendant, under the provisions of Laws

1895, c. 8, § 349. The city and railway company both answered the complaint, denying generally the negligence charged therein, and alleging contributory negligence on the part of plaintiff. Plaintiff had a verdict in the court below for the sum of $4,000, which, on defendants' motion for a new trial, was ordered reduced by the trial court to the sum of $2,500, as a condition to a denial of the motion. Plaintiff consented to the reduction, and defendants appealed.

The material facts are as follows: In the fall of 1899 defendant railway company constructed a spur track upon and across the street on which happened the accident resulting in plaintiff's injuries, and in doing so erected an embankment thereon upon which to lay the track, the earth and material for which were obtained from two parallel ditches excavated on each side of the embankment as it extends across the street. The ditches were in the neighborhood of a foot deep, and about six feet wide on either side of the grade. The railway company failed to refill the same with earth, or restore the street to the condition it was in before the track was laid thereon, but, instead, filled them with wood shavings. After the construction of the railroad track, the street, which is one of the principal thoroughfares of the city, was extensively used by the public in the condition in which the railway company left it. The track was elevated somewhat above the level of the street, and from the constant use of the street over the same the shavings had become worn by travel, leaving the ditches about ten inches or a foot below its level, and considerably more than that below the level of the railroad embankment and track. The street remained in the condition as left by the railway company from the fall of 1899 to the time of the accident in 1900, —six months or more. Plaintiff resides at St. Hilaire. On the day in question, namely, April 6, 1900, she was invited to accompany some friends from that point to Thief River Falls. The party was composed of plaintiff, another lady and her husband, and one Alexander. They journeyed from St. Hilaire to Thief River Falls, a distance of about seven miles, in a two-seated spring wagon drawn by a team of horses; the ladies occupying the rear seat. After arriving at the latter place plaintiff was, when cross-

ing the railroad track so located on the street in question, thrown from the wagon and injured, by reason, it is claimed, of the defective condition of the street,—made so by the railroad ditches. That she was thrown from the wagon at this point there is no controversy; nor is there any serious dispute but that she received certain injuries, the nature and extent of which were contested on the trial, but are not materially involved on this appeal, the question having been settled by the verdict.

The questions presented to the jury for their determination on the trial below were (1) whether the street was in a defective condition, and whether such defect, if any existed, was the proximate cause of the accident and injury to plaintiff; (2) whether the defendant city had notice of the defect; (3) whether the spring wagon in which plaintiff was riding was in good condition, or out of repair and not suitable for use on a public street in ordinarily good condition for public travel; and (4) whether plaintiff was chargeable with contributory negligence. Careful examination of the evidence presented in the record satisfies us that all these questions, being purely of fact and for the jury to determine, are finally disposed of by the verdict. That the street was defective and in bad order for use there is no serious doubt. At least the evidence fully sustains the finding of the jury that it was. Nor is there any question but that the city had both actual and constructive notice of that condition. In addition to the fact that the ditches were placed in the street, and refilled only with shavings, and so remained for some six months, from which the law would imply notice to the city, there is evidence in the case clearly showing that the mayor of the city had actual notice prior to the accident of the condition of the street at this point. The defect was upon one of the principal streets of the city, was open and plainly noticeable, and had continued in that condition for such a length of time that the city authorities might, with reasonable diligence, have known of it in ample time to have repaired the same. Cleveland v. City of St. Paul, 18 Minn. 255 (279).

Authorities holding that notice to officers of a municipality of defects in its streets or sidewalks is notice to and binding upon the municipality are numerous,—especially as to officers clothed

with such general powers and duties as is the mayor of defendant city, under its charter.  Laws 1895, c. 8, § 58; Elliott, Roads & S. (2d Ed.) § 629; Dundas v. City, 75 Mich. 499, 42 N. W. 1011; Keyes v. City, 107 Iowa, 509, 78 N. W. 227; City v. Ballance, 123 Ind. 334, 24 N. E. 117.  The mayor of defendant city expressly testified having had notice of the condition of the street at this point a week or more prior to the accident.  Our conclusion on this branch of the case is that the verdict of the jury to the effect that the street was in a defective condition, of which the defendant city had notice, cannot be disturbed.  We do not understand counsel for appellant seriously to contend that it can.  What they do complain of, and that with considerable force, is that the trial court erred in refusing certain of their requests for instructions, and in certain instructions to the jury given in its general charge. We will consider the errors urged in this connection in the order presented in the brief.

1. It is contended that the court below erred in refusing the following request to charge the jury:

"If you believe from the evidence that the claimed defect in the street was of such a character that a person driving with ordinary care and prudence, under all of the circumstances disclosed by the evidence, would not have sustained injury thereby, then negligence cannot be imputed to the defendants by reason of its existence."

It is urged in support of this instruction that the obligation and duty resting upon a municipality to keep its streets in a reasonably safe condition for public use do not impose upon it the obligation of keeping such streets absolutely safe; that there exists a correlative duty and obligation on the part of the municipality and a traveler to exercise reasonable care and prudence; that, as the city is required to keep its streets in a reasonably good state of repair, a traveler thereon is also required to exercise reasonable care for his own safety.  There is no question as to the correctness of this position.  The only duty a municipality owes the public in this respect is the exercise of reasonable care and prudence.  And persons using the streets are required to exercise the same degree of care for their own safety and pro-

tection. The proposed instruction, the refusal of which is complained of, is in line with this principle of law, but the subject thereof was covered by the general charge. The court distinctly informed the jury that defendant city was liable for the failure to exercise ordinary care in the matter of keeping its streets in good repair, and also instructed them that it was the duty of plaintiff to exercise the same care for her own protection. Taking the whole charge together, conceding the request to be applicable to the case, the subject was sufficiently covered.

It may be doubted, however, whether the request was applicable to the issues in the case. It refers particularly to a person driving upon the streets, and requires of such person the exercise of ordinary care and prudence. There is no claim that plaintiff was driving the team. In fact, she was not; nor does the evidence bring the case within the principle of law applicable to persons engaged in a joint enterprise. It is not a case where all were equally responsible for the conduct of the one driving the team. This subject will be referred to later. Our conclusion is that the subject of this request was sufficiently covered by the general charge, and its refusal was no error.

2. The court refused defendants' second request, which was substantially to the effect that if the jury found from the evidence that the defect in the street could be passed safely by a person driving with ordinary care and prudence in a reasonably safe vehicle, and that the vehicle in which plaintiff was riding was defective and unsafe, and that the team was not driven in a careful manner, and that by reason of this defective vehicle and improper driving the plaintiff was thrown to the ground and injured, she cannot recover; and, further, that a person driving on a highway is required to use a reasonably safe vehicle, and that a municipality is not required to anticipate the use of one that is defective. The latter part of the request was given in the general charge of the court, and we think, conceding the other portions to be pertinent to the case, that they are sufficiently covered, and it was no error to refuse the request. One objection to the proposed instruction is that it is somewhat involved, and would tend more to confuse the jury than to enlighten them.

But, for the reasons suggested with reference to the first request, it was properly refused. It is not claimed that plaintiff was driving the team; nor is there any evidence that she had control over, or was in any way responsible for the conduct of, the driver. The request involves the question whether plaintiff and her companions were jointly responsible for the management and control of the team. If they were, the negligence of Alexander, the driver, if his negligence be conceded, was imputable to plaintiff, and she cannot recover. Counsel for appellants contended on the argument that whether the parties were engaged in a joint enterprise was, under the evidence, a question of law for the court, and they urged that the evidence is conclusive that they were so engaged. We concur with them that, under the evidence, the question is one of law, but determine it adversely to their contention. Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management. Town v. Musgrove, 116 Ind. 121, 18 N. E. 452; Beach, Contrib. Neg. (3d Ed.) § 115a. The plaintiff in this action was in no way connected or interested in the affairs of Alexander, or in the purposes of his visit to Thief River Falls. She did not own the team or wagon in which they were riding, nor have any control over the driver. She was a member of the party by invitation only, and for purposes purely personal to herself. The evidence is quite clear that the parties were not engaged in a joint enterprise, within the meaning of the law of negligence.

The case at bar is very similar to Finley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 471, 74 N. W. 174. In that case it appeared that the plaintiff, a married woman, was riding with her husband, at his invitation, in his wagon, drawn by horses which he was driving. She had no control over the husband with respect to the management of the team, nor was he her servant or agent. It was conceded in that case, for the purposes of the decision, that the husband was guilty of negligence in driving upon the rail-

road track without looking and listening for an approaching train, but it was distinctly held that his negligence was not imputable to her. If any distinction can be made between that case and the one at bar, we are unable to point it out. Here, as there, the plaintiff was an occupant of the wagon by invitation. The driver was not her agent or servant, or in any way under her control; and it may be conceded that he failed to exercise ordinary care in driving across the railroad track, and that his negligence contributed to cause plaintiff's injury; still, within the rule of the Finley case, his negligence cannot be imputed to her. Howe v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 62 Minn. 71, 64 N. W. 102; Lammers v. Great Northern Ry. Co., 82 Minn. 120, 84 N. W. 728; Follman v. City of Mankato, 35 Minn. 522, 29 N. W. 317; Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386.

It does not, however, necessarily follow in such cases that because the negligence of the driver is not imputable to other occupants of the vehicle, because not jointly engaged with him, such other occupants may not be guilty of contributory negligence. A failure on their part to exercise reasonable and ordinary care to avoid the injury would constitute negligence which would prevent a recovery. Undoubtedly, if they were cognizant of the danger resulting in their injury, and failed to call the driver's attention to it, but permitted him to drive recklessly into it without protest on their part, no recovery could be had. Brickell v. New York, 120 N. Y. 290, 24 N. E. 449; Beach, Contrib. Neg. (3d Ed.) § 115. But the evidence is not such as to justify the conclusion, as a matter of law, that she was chargeable with independent contributory negligence. It is not claimed that she was familiar with the condition of the street, and whether she was guilty of contributory negligence because of a knowledge that the wagon seat was unfastened, and thus defective, was properly submitted to the jury. She was not negligent, as a matter of law, even if it be conceded that she had full knowledge of this defect. The question was one of fact for the jury. Malloy v. Township, 77 Mich. 448, 43 N. W. 1012; Jennings v. Town, 90 Wis. 22, 62 N. W. 926.

3. The court charged the jury that if defendant railway company made an unauthorized excavation in the street in question, which

it failed properly to repair, and if the excavation so made was the proximate cause of the accident to plaintiff, they should find a verdict against that defendant, if they further found against defendant city; in effect, that if the city was liable, and the excavation made by the railway company was the proximate cause of the accident, the railway company was also liable. If the court erred in this instruction, the error was against the plaintiff. It appears, beyond controversy, that the railway company entered upon the street and excavated ditches therein for the purpose of laying its railroad track, and the jury found that the street was thereby rendered defective. It does not appear by what right or authority the railway company laid its track on this street. Whether it was authorized to do so or not is immaterial. Presumably, its conduct was rightful. There is no showing to the contrary. It was, however, its duty, under the statute, to keep the railway crossing in good repair, and its failure to do so rendered it liable to persons injured in consequence of such neglect.

A railway company may enter upon a public street or highway and appropriate it for railroad purposes by laying its track thereon, when authorized to do so by law; but such use must not interfere with the public travel, and the company must in such cases restore the street to its ordinary condition, and maintain the railway crossing in reasonably safe repair for public use. Elliott, Roads & S. (2d Ed.) § 779. The instruction complained of was more favorable to the railway company than it was entitled to, within the law. The court, in effect, told the jury that the liability of the railway company was dependent upon the liability of the city. At least, the instruction is susceptible of that construction. If the court so intended, it was in error. The liability of the company and municipality in such cases may be concurrent, but the responsibility of the former is in no measure or degree dependent upon the liability of the latter. Conceding the right of the company to take possession of the street for its railroad track, it was bound to restore it after making excavations therein, to its ordinary condition, and keep and maintain the crossing in ordinarily safe repair for public use. And the duty in this respect is a continuing one, and exists independently

of any duty or obligation on the part of the city. Appellants cannot, therefore, complain of this instruction. State v. St. Paul, M. & M. Ry. Co., 35 Minn. 131, 28 N. W. 3.

4. We have examined all other assignments of error urged by appellants, and find no sufficient reason for disturbing the verdict of the jury. In amount it is quite large, but, as reduced by the trial court, not so excessive as to justify interference by this court.

Order appealed from affirmed.