## EMMA KOPLITZ v. CITY OF ST. PAUL.[1]

June 6, 1902.

Nos. 13,033—(132).

### Imputed Negligence.

Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.

### Same—Joint Enterprise.

If, however, two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the conduct or the means or agencies employed to execute such common purpose, the negligence of any one of them in the management thereof will be imputed to all of the others.

### Personal Injury—Defective Street.

The plaintiff, a young lady, was one of a picnic party consisting of young men and ladies. The latter furnished the lunches, and the former the transportation,—an omnibus drawn by four horses, as to the hiring or driving of which the ladies had nothing to do. The conveyance was overturned, and the plaintiff injured, by the negligence of the defendant as to one of its streets, and the contributory negligence of one of the young men, who was driving at the time. *Held*, that his negligence cannot be imputed to the plaintiff.

Action in the district court for Ramsey county to recover $2,040 for personal injuries caused by a defective street in defendant city. The case was tried before Brill, J., and a jury, which rendered a general verdict in favor of plaintiff for $300. The jury also returned a special verdict, in answer to the specific question submitted by the court, that the driver of the vehicle from which plaintiff was thrown was guilty of negligence which contributed to the injury. From a judgment entered pursuant to the general verdict, defendant appealed. Affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott*, for appellant.

[1] Reported in 90 N. W. 794.

*Charles H. Taylor,* for respondent.

START, C. J.

The plaintiff was one of a party of twenty-six young people who celebrated the Fourth of July last by a picnic at Lake Johanna, about twelve miles from St. Paul. The picnic was a mutual affair, in that the party consisted of about an equal number of young men and young women, each lady being invited and escorted by a gentleman, for whom and herself she furnished lunch; but at meal time the several lunches were merged, and became a common spread. The ladies had nothing to do with the matter of the transportation of the party to and from the lake. This was the exclusive business of the gentlemen, with which the ladies had no more to do than the young men had with the lunches. The gentlemen selected one of their number (Mr. Gibbons) to manage the transportation of the party. He hired for this purpose a long, covered omnibus, drawn by four horses, and a driver and assistant, to drive the party to the lake and return. The party were driven to and from the lake in this conveyance, with the hiring of which, or the payment therefor, or the control thereof, the ladies, including the plaintiff, had nothing to do, other than may be inferred, if at all, from the fact that they were members of the picnic party. On the return trip, when the conveyance had reached Dale street, in the city of St. Paul, it was tipped over, by reason of an embankment therein, whereby the plaintiff was injured.

At the time of the accident all of the party were riding inside of the omnibus, except Mr. Gibbons, who was outside, on the driver's seat, with the driver and his assistant, and was then driving the horses; but this fact was unknown to the plaintiff or any of the party inside of the conveyance. The negligence of the city in the care of the street was the proximate cause of the plaintiff's injury, but the negligence of Mr. Gibbons in driving the horses contributed thereto. The plaintiff was personally free from any negligence in the premises. This action was brought by the plaintiff to recover damages on account of such injuries, and the jury returned a verdict for $300, and a special verdict that Mr. Gibbons

was guilty of contributory negligence in driving the conveyance. Thereupon the defendant moved for judgment in its favor upon the special verdict, notwithstanding the general verdict for the plaintiff. The motion was denied, and judgment entered for the plaintiff, from which the defendant appealed to this court.

The only question for our decision is whether the negligence of Mr. Gibbons must be imputed to the plaintiff, and a recovery denied her for that reason. The rule as to imputed negligence, as settled by this court in cases other than those where the parties stand in the relation of parent and child or guardian and ward, is that negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. If, however, two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to all the others. Follman v. City of Mankato, 35 Minn. 522, 29 N. W. 317; Flaherty v. Minneapolis & St. L. Ry. Co., 39 Minn. 328, 40 N. W. 160; Howe v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 62 Minn. 71, 64 N. W. 102; Johnson v. St. Paul City Ry. Co., 67 Minn. 260, 69 N. W. 900; Finley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 471, 74 N. W. 174; Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386; Lammers v. Great Northern Ry. Co., 82 Minn. 120, 84 N. W. 728.

It is too obvious to justify discussion that the plaintiff in this case neither expressly nor impliedly had any control over the drivers of the omnibus, or either of them, or of Mr. Gibbons, and that he and she were not engaged in a joint enterprise in any such sense as made her so far responsible for his negligence in driving the horses that it must be imputed to her. The claim of the defendant to the contrary is unsupported by the facts as disclosed by the record.

Judgment affirmed.