## JAMES K. KOKESH v. WILLIAM THOMPSON PRICE.[1]

### March 16, 1917.

### Nos. 20,160—(283).

**Action by husband for injury to wife — negligence of husband.**

1. In an action by a husband in his individual capacity to recover for injuries to his wife, negligence on his part which contributes to the injury is a bar to his recovery.

**Action by administrator — negligence of beneficiary.**

2. The courts are divided on the question whether, in an action brought by an administrator, the contributory negligence of a beneficiary is a bar to recovery to the extent that he will share in the amount recovered.

**Same — negligence of only one beneficiary.**

3. Where however, only one of several beneficiaries is negligent, his negligence is not a bar to all recovery, and where no apportionment or reduction to the extent of his interest is asked for, full recovery will be allowed.

**Decedent not negligent.**

4. The intestate in this case, while riding in an automobile, received injuries from which she died. Under the evidence, she was not negligent as a matter of law.

**Negligence of husband not imputable to wife.**

5. The negligence of her husband driving the automobile in which she was riding, was not imputable to her.

**Husband not agent of wife.**

6. He was not her agent.

**Joint enterprise.**

7. Nor were they engaged in a joint enterprise. The test in determining that question is whether they were jointly operating or controlling the movements of the vehicle in which they were riding.

Two actions in the district court for Hennepin county, one by the administrator of the estate of Anna Kokesh, deceased, to recover $7,500

[1]Reported in 161 N. W. 715.

for the death of his intestate, and the other in his individual capacity to recover $15,000 for loss of services of his wife. The facts are stated in the opinion. The case was tried before Steele, J., and a jury which in the case of the administrator returned a. verdict for $3,500, and in the other case a verdict in favor of defendant. From the order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Trafford N. Jayne,* for appellant.

*Moritz Heim, A. W. Summerfield* and *Paul J. Thompson,* for respondent.

HALLAM, J.

James J. Kokesh, his wife, his daughter 19 and his son 17, started in the family automobile one Sunday afternoon in July to a nearby lake for a fishing trip. Kokesh was driving. His wife sat beside him. The son and daughter were in the back seat. In another automobile were some friends. The Kokesh automobile was going north. While rounding a corner at a country cross road to go to the left, that is, to the west, it collided with an automobile driven by defendant. Mrs. Kokesh was injured so that she died six days later.

Kokesh, as administrator of his wife's estate, sued defendant for damages under the death by wrongful act statute (G. S. 1913, § 8175). He also sued in his individual capacity for loss of services and society of his wife during the six days of her life after the injury. In the action by Kokesh, as administrator, the jury found for plaintiff. This amounts to a finding that defendant was negligent. They were instructed that Kokesh's negligence was no defense. In the action by Kokesh as individual they found for defendant. In this action they were instructed that Kokesh's negligence, if any, was a defense. Since the conduct of defendant was the same as applied to both cases, it follows that the jury must have found that Kokesh was negligent.

Both findings are sustained by the evidence. In fact the evidence would not sustain any other. View of the approach of both cars toward the crossing was obstructed by trees and shrubbery. Both parties admittedly approached this crossing without sounding a horn, a precaution required by positive statute (G. S. 1913, § 2633), and the dictates of

common prudence as well. The evidence is ample that defendant approached the crossing at a high rate of speed. Evidence is also abundant that Kokesh cut the corner to the left of the center of the intersection instead of going to the right of the center as the law requires (G. S. 1913, § 2634). The position in which the two cars were found after the accident, taken in connection with admitted facts, leaves little doubt that both were negligent in the particulars charged.

The serious question in the case is whether, in view of the negligence of Kokesh, he as administrator can be permitted to recover a verdict for the benefit of himself and his children.

Decisions such as Wellner v. Eckstein, 105 Minn. 444, 117 N. W. 830, and Gollnik v. Mengel, 112 Minn. 349, 128 N. W. 292, which pass upon the right of one causing death to inherit from the deceased are not, we think, in point here. They involve construction of particular statutes, not pertinent here, and they involve rights in an estate existing prior to the death of the person deceased. The death itself does not create the estate. It does here.

1. A brief reference to decisions under death by wrongful act statutes may be enlightening. In an action by a husband in his individual capacity to recover damages for injury to his wife, negligence on his part which directly contributes to the injury is a bar to his recovery. Bellefontaine Ry. Co. v. Snyder, 24 Oh. St. 670. The same rule bars his right of action for her death to which his negligence contributed, where by statute the suit for wrongful death is brought by the beneficiary in his individual capacity. St. Louis, I. M. & S. Ry. Co. v. Dawson, 68 Ark. 1, 56 S. W. 46; Evansville & Crawfordsville R. Co. v. Wolf, 59 Ind. 89; Vinnette v. Northern Pac. Ry. Co. 47 Wash. 320, 91 Pac. 975, 18 L.R.A. (N.S.) 328.

2. Under statutes which provide for an action by an administrator, the amount recovered has, in some cases, been regarded as part of the general estate of the deceased, and on that ground contributory negligence of a beneficiary has been held not to bar recovery. Wymore v. Mahaska County, 78 Iowa, 386, 43 N. W. 264, 6 L.R.A. 545, 16 Am. St. 449; Warren v. Manchester St. Ry. 70 N. H. 352, 47 Atl. 735; Nashville Lumber Co. v. Busbee, 100 Ark. 76, 139 S. W. 301, 38 L.R.A.(N.S.) 754;

Gigoux v. Yamhill County, 73 Ore. 212, 144 Pac. 437; Feldman v. Detroit United Ry. 162 Mich. 486, 127 N. W. 687.

In jurisdictions where the action is brought as in Minnesota by an administrator, not for the benefit of the estate generally, but for the benefit of the surviving spouse and next of kin, some decisions hold that the contributory negligence of a sole beneficiary is not a bar. McKay v. Syracuse Rapid Transit Co. 208 N. Y. 359, 101 N. E. 885; In re Brennan's Account, 160 App. Div. 401, 145 N. Y. Supp. 440; Consolidated Traction Co. v. Hone, 59 N. J. Law, 275, 35 Atl. 899, affirmed by tie vote 60 N. J. Law, 444, 38 Atl. 759; Wilmot v. McPadden, 78 Conn. 276, 61 Atl. 1069; Southern Ry. Co. v. Shipp, 169 Ala. 327, 53 South. 150; Watson v. Southern Ry. 66 S. C. 47, 44 S. E. 375. Others hold that it is a bar. 2 Illinois L. Rev. 487; Lee v. New River & P. C. Coal Co. 203 Fed. 644, 122 C. C. A. 40, 45 L.R.A.(N.S.) 940; Ohnesorge, Adm. v. Chicago City Ry. Co. 259 Ill. 424, 102 N. E. 819; Harton v. Telephone Co. 141 N. C. 455, 54 S. E. 299; Dickinson v. Stuart Colliery Co. 71 W. Va. 325, 76 S. E. 654, 43 L.R.A.(N.S.) 335; Richmond, F. & P. R. Co. v. Martin's Adm'r, 102 Va. 201, 45 S. E. 894, overruling Norfolk & W. R. Co. v. Groseclose's Adm'r. 88 Va. 267, 13 S. E. 454, 29 Am. St. 718; Tucker v. Draper, 62 Neb. 66, 86 N. W. 917, 54 L.R.A. 321; Feldman v. Detroit United Ry. 162 Mich. 486, 127 N. W. 687; Bamberger v. Citizens' St. Ry. Co. 95 Tenn. 18, 31 S. W. 163, 28 L.R.A. 486, 49 Am. St. 909; Ploof v. Burlington Traction Co. 70 Vt. 509, 41 Atl. 1017, 43 L.R.A. 108; Scherer v. Schlaberg & Griffin, 18 N. D. 421, 122 N. W. 1000, 24 L.R.A. (N.S.) 520. This court has assumed that there could be no recovery in such a case. Mattson v. Minnesota & N. W. R. Co. 98 Minn. 296, 108 N. W. 517; Decker v. Itasca Paper Co. 111 Minn. 439, 127 N. W. 183. In each of these cases, however, the jury found there was no contributory negligence.

Where the negligence of one of several beneficiaries contributed to the death, it has sometimes been held that recovery should be denied to the extent that it would inure to the benefit of the one guilty of contributory negligence. Phillips v. Denver City Tramway Co. 53 Colo. 458, 128 Pac. 460, Ann. Cas. 1914B, 29; Wolf v. Lake Erie & W. R. Co. 55 Oh. St. 530, 45 N. E. 708, 36 L.R.A. 812; Davis v. Railroad Co. 136 N. C. 115, 48 S. E. 591, 1 Ann. Cas. 214; Chicago City Ry. Co. v. McKeon, 143 Ill.

App. 598; see Atlanta & C. A. L. Ry. Co. v. Gravitt, 93 Ga. 369, 20 S. E. 550, 26 L.R.A. 553, 44 Am. St. 145. No trouble has been found in making a proper apportionment in such cases.

3. In this case there were three beneficiaries, the husband and two children. The husband alone was negligent. The question presented by this record is whether the contributory negligence of the husband barred all recovery by himself as administrator. Partial reduction, to the extent of the share he may receive as beneficiary, was not asked for in the trial court or in this court. Defendant has seen fit to stand or fall on the contention that his negligence is a complete bar. We do not sustain this contention. We see no principle of law on which it can be said that the negligence of one beneficiary can prejudice other beneficiaries. There is no partnership or community of interest between them, one is in no sense the agent or representative of the others. His negligence should not be imputed to them and it should detract nothing from them. If the children were small and the deceased the bread winner of the family, the objectionable result of such a rule would be more pronounced, but the principle is just the same. This court has held one beneficiary cannot prejudice the rights of another by his positive act in making a settlement of the claim. McVeigh v. Minneapolis & Rainy River Ry. Co. 110 Minn. 184, 124 N. W. 971. His negligence is not a bar to their right.

4. The claim is made that deceased was negligent. If so, her negligence would bar recovery by her administrator. Lammers v. Great Northern Ry. Co. 82 Minn. 120, 84 N. W. 728; Miller v. Louisville, N. A. & C. Ry. Co. 128 Ind. 97, 27 N. E. 339, 25 Am. St. 416. The jury found that deceased was not negligent. The evidence sustains this finding. She was not the driver of the automobile but a passenger. She was required to exercise watchful care but not the same watchfulness as is required of the driver. She could rely, in some measure, on the assumption that he would be careful. The care required of her is the care exercised by an ordinarily prudent passenger. Carnegie v. Great Northern Ry. Co. 128 Minn. 14, 150 N. W. 164; Zenner v. Great Northern Ry. Co. 135 Minn. 37, 159 N. W. 1087. She could not take control of the car. She might warn or admonish her husband as to signals, as to the speed and manner with which he rounded the corner. She did not do these things but the whole incident covered but a very short space of time. It does

not appear that her husband was not usually careful. We cannot say that she was negligent as a matter of law.

5. The negligence of the husband of deceased was not imputable to her. This is the rule as between the driver of a vehicle and a passenger in it. Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763; Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L.R.A. 74; Cotton v. Willmar & Sioux Falls Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L.R.A.(N.S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935; Howe v. Minneapolis, St. P. & S. S. M. Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L.R.A. 684, 54 Am. St. 616. And the fact that they are husband and wife does not change that rule. Finley v. Chicago, M. & St. P. Ry. Co. 71 Minn. 471, 74 N. W. 174; Louisville, N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, 29 N. E. 481, 14 L.R.A. 733; Colorado & S. Ry. Co. v. Thomas, 33 Colo. 517, 81 Pac. 801, 70 L.R.A. 681, 3 Ann. Cas. 700.

6. If the driver of the vehicle is the agent of the passenger then the negligence of the driver, the agent, is the negligence of the passenger, the principal. 29 Cyc. 545; Smith v. New York Cent. & H. R. Co. 4 App. Div. 493, 38 N. Y. Supp. 666; Id. 39 N. Y. Supp. 1119; Moon v. St. Louis Transit Co. 237 Mo. 425, 141 S. W. 870, Ann. Cas. 1913A, 183; City of Louisville v. Bott's Admrx. 151 Ky. 578, 587, 152 S. W. 529; Ditewig v. Peoria Ry. Co. 160 Ill. App. 300; Town of Albion v. Hetrick, 90 Ind. 545, 46 Am. Rep. 230. But Kokesh was not the agent of his wife in driving the automobile.

7. Another rule of law is invoked, namely, the rule that, when two persons are engaged in the prosecution of a joint enterprise, each has authority to act for both in respect to the means or agencies employed to execute the common purpose and the negligence of one in the management thereof will be imputed to both. Wosika v. St. Paul City Ry. Co. 80 Minn. 364, 83 N. W. 386; Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763; Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L.R.A. 74. Defendant contends that this rule is applicable here. We think it is not. The rule is founded on the theory of partnership or a relation akin to partnership. Consolidated Traction Co. v. Hoimark, 60 N. J. Law, 456, 38 Atl. 684; Beaucage v. Mercer, 206 Mass. 492, 92 N. E. 774, 138 Am. St. 401. This joint relation may

136 M.—21

exist under various circumstances, as in case of occupants of a row boat (Beck v. East River Ferry Co. 6 Rob. [N. Y.] 82, 87), or of persons using a vehicle together to move furniture (Cortis v. Dailey, 21 App. Div. 1, 47 N. Y. Supp. 454), or other goods (Schron v. Staten Island Elec. R. Co. 16 App. Div. 111, 45 N. Y. Supp. 124), or of persons hiring a conveyance to transport their joint property (Omaha & R. V. R. Co. v. Talbot, 48 Neb. 627, 67 N. W. 599). There was no such situation here. The fact that they were husband and wife, or that they ran a store together, or that they were riding together, or that they were going fishing together, does not much affect this question. The question is, were they in joint control of the instrumentality that caused the injury, that is, in this case were they jointly operating or controlling the movements of this automobile at the time of the collision? 29 Cyc. 543; Follman v. City of Mankato, 35 Minn. 522, 528, 29 N. W. 317, 59 Am. Rep. 340; Lawrence v. Sioux City, 172 Iowa, 320, 154 N. W. 494; Slater v. Burlington, C. R. & N. Ry. Co. 71 Iowa, 209, 32 N. W. 264; Christopherson v. Minneapolis, St. P. & S. S. M. Ry. 28 N. D. 128, 147 N. W. 791. It is clear they were not. The negligence of the husband was not imputable or chargeable to the wife.

Order affirmed.