GUNNER SMITH, an Infant, by his Guardian, *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

## July 1, 1890.

**Railway— Liability to Servant for Negligence of Fellow-Servant.—** The statute of 1887, relating to the responsibility of railroad companies to their servants for the negligence of fellow-servants, considered as applicable with respect to the alleged negligence of a locomotive engineer in operating his engine, resulting in injury to a section-hand at work on the road.

**Review of Order Granting New Trial on the Evidence.—** The rule of *Hicks* v. *Stone*, 13 Minn. 398, (434,) and other cases,—that the granting of a new trial by the trial court will not be reversed unless the evidence was manifestly and palpably in favor of the verdict,—applied in a case involving questions of the negligence of a locomotive engineer and of the plaintiff, a sectionman, injured by the locomotive.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, setting aside a verdict in his favor of $4,000, and granting a new trial.

*H. F. Barker* and *Merrick & Merrick,* for appellant.

*Wm. H. Bliss* and *Jackson & Atwater,* for respondent.

DICKINSON, J. The plaintiff, who was 20 years of age, was one of a crew of sectionmen on the defendant's railroad. This action is prosecuted to recover for an injury suffered by him while engaged in that employment. After a verdict for the plaintiff, the court, on motion of the defendant, granted a new trial. From that order this appeal was taken.

The plaintiff, with others of the sectionmen and their foreman, had their hand-car at a switch where a side or spur track connects with the main track of the railroad. A freight train came from the south, and stopped, or nearly stopped, at this point. The engineer informed the foreman that he wanted to place on the side track some cars from his train. This was to be done by running the train north on the main track until it passed the switch, so that the cars could be backed in, southward, on the side track. In order that this might

be done, the foreman directed the hand-car to be run out northward on the main track, ahead of the engine.   At this point there was a conflict in the evidence.   The plaintiff and one other of the section-men testified that the direction was to take the hand-car north on the main track, *and take it off the track* at a place where they had taken it off before.   The testimony of the foreman and of the engineer and fireman was to the effect that no direction to take the car off the track was given, but merely to run out on the main track, so as to allow the cars to be set back on the side track.   The plaintiff, with another of the sectionmen, ran the hand-car out on the main track a distance variously estimated at from 250 to 400 feet, to the point which, according to the testimony for the plaintiff, the foreman had designated as the place where they should take the car from the track.   Having been joined by another of the sectionmen, the three men proceeded to take the car from the track.   The train had slowly followed the hand-car, at the rate of 2 or 3 miles an hour, and was within about 40 feet of it when the sectionmen stopped the hand-car and commenced lifting it off the track.   The engineer immediately endeavored to stop his train, but was not able to do so before the head of the engine had passed the place where the car was being taken off. The car was so far removed that it was barely touched by the engine as it passed, but the plaintiff, in endeavoring to get out of the way of the engine, while he did get off the track, was struck by the en-gine, and, slipping on some ties by the side of the track, his foot was caught and run over by one of the wheels of the engine.   It was sub-mitted to the jury to determine whether there was negligence in run-ning the engine and train so closely after the hand-car, and whether the plaintiff was chargeable with contributory negligence in stopping the hand-car to take it off the track, with the train following so closely.

It is now contended that the order appealed from should be sus-tained because the persons operating the train were fellow-servants with the plaintiff, for whose negligence the defendant was not re-sponsible, under the common-law doctrine applicable to such cases, and that the statute of 1887 relating to the liability of railroad cor-porations for the negligence of fellow-servants, as construed in *Laval-lee* v. *St. Paul, M. & M. Ry. Co.*, 40 Minn. 249, (41 N. W. Rep. 974,)

and *Johnson* v. *St. Paul & Duluth R. Co.*, 43 Minn. 222, (45 N. W. Rep. 156,) is not applicable, because, as it is said, the plaintiff was engaged in a different branch of service from the engineer of this locomotive. This point was correctly ruled against the defendant by the trial court. It is not a necessary condition of the applicability of the act of 1887 that the employment of the servant injured, and of the servant whose negligence produces the injury, should be of the same kind. There is nothing in the act to suggest that such was the intention of the legislature. This case is to be distinguished from those of Lavallee and of Johnson, *supra*, in that both the servants whose conduct is in question were engaged in actual railroad operation. Their respective duties, pertaining directly to such operations, were not only intimately related, so that the safety of each depended naturally and directly upon the conduct of the other, but the work of both was peculiar to the railroad service.

But the order should be sustained upon the ground that the evidence bearing upon the questions of the negligence of the engineer and fireman, and of the contributory negligence of the plaintiff, was not manifestly and palpably in favor of the verdict; and hence, under the rule of *Hicks* v. *Stone*, 13 Minn. 398, (434,) followed in numerous decisions of this court, the order of the trial court granting a new trial should not be set aside. By this we do not mean to intimate that there was not evidence tending to support opposite conclusions concerning the negligence of the engineer and the contributory negligence of the plaintiff; and the court was right in submitting the case to the jury upon these issues. Whether the engineer was negligent in following the hand-car so closely would depend largely upon the fact as to whether he had reason to expect that the sectionmen would stop their car, and take it off the track, or supposed that they were simply to run on ahead of the engine as far as might be necessary to enable the train to clear the switch, and to run back on the side track. On the other hand, whether it was negligence for the sectionmen to stop, and take their car off the track, would be affected by what might be deemed to be the fact as to their understanding that the engineer expected them to do so, and that he was operating his train so that he could control it with safety to them. The deter-

mination of both questions depended largely upon the contradictory evidence to which we have referred. But the verdict was not supported by such a manifest preponderance of evidence as to justify a reversal of the order granting a new trial.

Order affirmed.