SOREN STEFFENSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

## February 13, 1891.

**Railway—Injury to Section-man — Negligence of Fellow-Servant.—**
A railroad section hand whose duties require the use of a hand-car, and who is injured through the negligence of a fellow-servant in operating it, may recover from the railroad company.

Appeal by plaintiff from an order of the district court for Mower county, *Farmer,* J., presiding, refusing a new trial after verdict directed for defendant, in an action to recover $2,000 for personal injuries.

*John A. Lovely* and *Lafayette French,* for appellant.

*Kingsley & Shepherd,* for respondent.

GILFILLAN, C. J.[1]  This is an action for a personal injury sustained by plaintiff while in the employment of defendant, caused by the negligence of a fellow-servant. A verdict for the defendant was rendered on the direction of the trial court. This direction is the error alleged. The theory of the court below in giving this direction, manifestly, was that the case is not within the meaning of Laws 1887, *c.* 13, making railroad companies liable to one servant for an injury sustained by him in consequence of the negligence of a fellow-servant, as that statute has been construed by this court. The plaintiff was employed as a section hand, with others, to keep defendant's track in repair over a section of about six miles in length. To carry the men and their tools to and from their work as occasion required, a hand-car operated by means of gearing and levers was used. A hand-car is capable of being propelled at great speed. Plaintiff, in the usual course of his employment, was, with other section-men, passing over defendant's track on a hand-car running at the rate of about six miles an hour, when it became necessary to stop the car suddenly, and in endeavoring to stop it one of the co-employes on the hand-car negligently, as claimed, rushed or pushed against plaintiff, throwing him from the car, and he was run over and injured.

[1] Vanderburgh, J., took no part in the decision.

The construction we have given the statute referred to—notably in *Lavallee* v. *St. Paul, M. & M. Ry. Co.*, 40 Minn. 249, (41 N. W. Rep. 974;) *Johnson* v. *St. Paul & Duluth R. Co.*, 43 Minn. 222, (45 N. W. Rep. 156;) and *Smith* v. *St. Paul & Duluth R. Co.*, 44 Minn. 17, (46 N. W. Rep. 149,)—is that it includes the cases of servants exposed to and injured by the dangers peculiar to the use and operation of railroads. The defendant argues that those dangers are such only as are incident to the running of trains. From the running of trains propelled by locomotives at high rates of speed arises, undoubtedly, the greatest danger to which those engaged in operating railroads are exposed. But they are not the only ones incidental and peculiar to the business. Other persons than those running the trains are to be regarded as engaged in, and exposed to the dangers of, operating the railroad. The men whose business it is to keep the track in repair for the trains to run over—switchmen, men engaged in making up trains, and moving the cars back and forth in the yards and on side tracks—are all engaged in operating the railroad; and they are all exposed to dangers peculiar to that business. Sectionmen, as well as engineers, conductors, firemen, and brakemen, are operating the railroad. Their duties are peculiar to that business, unlike those pertaining to any other business; and there are dangers peculiar to those duties, unlike the dangers that attend any other business. They employ modes and instrumentalities in performing their duties that are not employed in any other business; and whatever dangers are incident to the employment of such modes and instrumentalities are to be regarded as peculiar to their business. The employment of hand-cars capable of a high rate of speed, run upon railroad tracks, is peculiar to the business of operating railroads. While it may not be so dangerous to ride upon or operate a hand-car as to ride upon or operate a locomotive or a train propelled by a locomotive, it must be apparent that there is danger in it, and that such danger is one of those incident and peculiar to the business in which hand-cars are used; and, because this is so, the case of one injured by the use of a hand-car is within the statute.

Order reversed.