BERNARD PEARSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

July 17, 1891.

**Railway—Injury to Servant by Fellow-Servant's Negligence—Case
held not within Statute.**—A crew of sectionmen, of which plaintiff
was one, was engaged in loading railroad iron from the ground upon a flat-
car, when some of the crew negligently let one of the iron rails fall upon
plaintiff's arm.  *Held*, that the injury was not the result of any danger
peculiar to or directly connected with the use and operation of the rail-
road, and hence not within the provisions of Laws 1887, *c.* 13, making
railroad companies liable to an employe for injuries caused by the
negligence of a co-employe.

Appeal by plaintiff from an order of the district court for Hen-
nepin county, *Hicks*, J., presiding, refusing a new trial after a dis-
missal ordered at the trial, in an action to recover $2,000 for per-
sonal injuries.

*F. D. Larrabee*, for appellant.

*W. H. Norris*, for respondent.

MITCHELL, J.   This action was brought to recover damages for per-
sonal injuries received by plaintiff while in the employment of the
defendant, through the negligence of his co-employes.   When the
plaintiff's counsel closed his opening statement to the jury, the court
dismissed the action, upon the ground that upon the facts stated the
defendant was not liable.   The only question is whether the case comes
within the provisions of Laws 1887, *c.* 13, making railroad companies
liable to an employe for injuries caused by the negligence of a co-em-
ploye.   Briefly stated, the facts were that a crew of sectionmen, of
which plaintiff was one, was engaged in loading railroad iron from the
ground upon a flat-car, when some of the crew negligently let one of the
iron rails fall upon plaintiff's arm.   As is well understood, the general
duty of sectionmen is to repair the railway track and road-bed, and the
iron which they were loading in this instance was designed to re-
place other iron to be removed from the track.

The construction of this act has been considered by us in several cases, in which we have invariably held that it applies only to the peculiar hazards incident to the *use* and *operation* of railroads, and was designed exclusively for the benefit of those who, in the course of their employment, are exposed to such hazards, and whose injuries are caused thereby; in short, that the statute includes only the cases of servants *exposed to* and *injured by* the dangers peculiar to the use and operation of railroads. It is not necessary to recur again to the reasons which led us to adopt this construction. In *Lavallee* v. *St. Paul, M. & M. Ry. Co.*, 40 Minn. 249, (41 N. W. Rep. 974,) the decedent, who was employed as a boiler maker's helper in the railroad shops, was directed by the boiler-maker to pick up some rubbish near a dead locomotive then standing on a track which ran into the boiler-shop. While so engaged, the smoke-stack (which two men were removing) fell upon him and killed him. We held that the case did not come within the statute. In *Johnson* v. *St. Paul & Duluth R. Co.*, 43 Minn. 222, (45 N. W. Rep. 156,) the facts were that a crew of men, of which plaintiff was one, were engaged in repairing a railroad bridge, and in performing the work it was necessary to leave the draw partly open. Through the negligence of one of the crew, the draw was left unfastened, and was blown shut by the wind, and injured the plaintiff while at work between the stationary part of the bridge and the draw. This was also held not within the statute. In *Smith* v. *St. Paul & Duluth R. Co.*, 44 Minn. 17, (46 N. W. Rep. 149,) while the plaintiff, with other sectionmen, was in the act of removing their hand-car from the railroad track, he was struck by the engine of a moving freight train. The injury was held to be the result of a danger peculiar to the use and operation of the railroad, to which the plaintiff was exposed in the course of his employment, and hence within the statute. In *Steffenson* v. *Chicago, Mil. & St. Paul Ry. Co.*, 45 Minn. 355, (47 N. W. Rep. 1068,) the plaintiff and others were employed as section hands, who, with their tools, were carried to and from their work on a hand-car. While they were passing over defendant's track on the hand-car, one of the crew negligently pushed against the plaintiff, throwing him off the car. We held that the injury was the result of a danger incidental and peculiar to the use and

operation of railroads, and hence that the case was within the statute,—the same result arrived at by the supreme court of the United States in a similar case arising in Iowa, after a full examination of all the decisions of the supreme court of that state construing their statute, which is, in express terms, substantially the same as ours as construed by this court. *Chicago, Mil. & St. Paul Ry. Co.* v. *Artery,* 137 U. S. 507, (11 Sup. Ct. Rep. 129.)

We are of opinion that, upon its facts, the present case is not distinguishable in principle from the Lavallee and Johnson cases. While in a certain sense it may be said that sectionmen who repair the track are engaged in operating the railroad, yet, in this case, the plaintiff's injury was not the result of any risk or danger peculiar to or directly connected with the use and operation of the railroad. The risks to which he was exposed, and which caused his injury, were not different from those to which any one is subjected who, with others, is engaged in loading or unloading like ponderous articles. As suggested by the trial court, the dangers to which he was exposed were precisely the same as if he and other employes of a manufacturing company had been engaged in loading railroad iron upon a flatcar for shipment from the factory.

Order affirmed.