GUNNER SMITH *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

Argued July 1, 1892.   Decided Aug. 23, 1892.

Negligence—Exceptions to Charge Disposed of.
>    Exceptions taken to certain portions of the charge of the court to the jury on the trial of this action considered and disposed of.

Appeal by plaintiff, Gunner Smith, an infant, by Jens G. Smith, guardian *ad litem*, from an order of the District Court of Hennepin County, *Hicks*, J., made March 9, 1892, denying his motion for a new trial.

The plaintiff was, on May 25, 1888, in the employ of the defendant, the St. Paul & Duluth Railroad Company, as one of a crew of section men.   This action was brought by him to recover for injuries received while engaged in that employment.   It was first tried May 27, 1889, and a verdict rendered in favor of plaintiff for the sum of $4,000.   A new trial was granted, and on appeal, the order was affirmed.   *Smith* v. *St. Paul & Duluth R. Co.*, 44 Minn. 17, where the facts are stated.

The second trial took place April 14, 1891.

At the close of the testimony, plaintiff's counsel, under 1878 G. S. ch. 66, § 257, as amended by Laws 1889, ch. 77, submitted to the court thirteen requests to charge; eight were given, two refused and three modified.   The ninth request, which was refused, asked the court to instruct the jury that if they believed from the evidence, that the plaintiff and others with him were ordered by Haglund, the section boss, to run the hand car out ahead upon the main track to the place where they were accustomed to take same off, and there re-

move same from the track, then plaintiff was justified in obeying such instruction without being chargeable with contributory negligence. The thirteenth request asked the court to instruct the jury that if they should find from the evidence that Haglund negligently ordered the men to run the hand car out ahead of the engine and then take it off at the place where they were accustomed to remove it, he (Haglund) knowing that the engine was to follow immediately after, that plaintiff and men with him did not constitute a sufficient force to readily remove said hand car, and that plaintiff and men were obeying, or attempting to obey, said order; that no bell was rung or whistle blown, or any warning given; and that plaintiff, as soon as he saw that the engine was likely to run upon him, made every effort to get out of the way and avoid the injury, then there would be no negligence on the part of the plaintiff. This request was modified by inserting the following: "And if you should also find from the evidence that the plaintiff did not have equal knowledge of all these facts with Haglund, and voluntarily assume the risks thereby incurred," and given as modified. The jury found a verdict for defendant, a motion for a new trial was made on eight grounds, among others that of errors of law occurring at the trial and duly excepted to, and that the verdict was against the evidence and contrary to law. The motion was denied, and plaintiff appeals.

*H. F. Barker,* and *Merrick & Merrick,* for appellant.

*Jackson & Atwater,* and *Lusk, Bunn & Hadley,* for respondent.

COLLINS, J. On the first trial of this action the plaintiff had a verdict, which was set aside by order of the court below. From that order an appeal was taken, and it was then held that the verdict was not supported by such a manifest preponderance of evidence as to justify this court in reversing the order setting it aside. 44 Minn. 17, (46 N. W. Rep. 149.) The case was again tried before a struck jury, resulting in a verdict for defendant, and plaintiff's present appeal is from an order denying a new trial. The testimony on the second trial was not materially different from that submitted on the first, and the facts surrounding the accident sufficiently appear in the former opinion. The questions raised by

counsel's assignments of error, which we regard of such importance as to demand consideration, are in reference to certain portions of the charge, and the alleged insufficiency of the evidence to sustain the verdict.    There is nothing in appellant's claim that, because the sheriff placed on the list of forty names—from which each party was authorized to strike off twelve—the names of twenty persons previously selected by him, there was an irregularity, fatal or otherwise, in obtaining a struck jury.

1. Before the arguments began counsel for plaintiff submitted to the court thirteen requests to charge, some of them immoderately long, for the purpose of having the court comply with the provisions of Laws 1889, ch. 77.    Thereupon the court indicated that of these requests eight would be given, two refused, and three slightly modified, the manner being stated.    Such of these requests as the court had announced would be given as the law of the case were so given as part of the general charge, but counsel for appellant now insists that they were so explained and modified as to be rendered of no effect.    Upon an examination of the charge, we are unable to discover that either of these requests was modified or changed.    In close connection with the fifth, the court very properly and fairly stated the law on the subject of contributory negligence.    The plaintiff's counsel excepted generally, but on appeal have not contended that the statement was erroneous as a proposition of law.    Again, in connection with plaintiff's twelfth request, the court referred to some remarks which had been made by counsel when addressing the jury, but there was no error in its reference, nor was an exception taken.    The plaintiff's propositions of law which had been recognized and sanctioned by the court as governing the case, so far as they went, were not varied or modified in the slightest degree. Nothing more was done than to add such other instructions as were actually necessary to fully and fairly present the law applicable to the facts then before the jury, and for this the statute in question has explicitly and very properly provided.

2. Upon examination of the assignments of error and the brief of appellant's counsel in connection with the record as found in the paper book, it becomes apparent that several of these assignments

have no merit, and others must be disregarded because the assignments are not founded upon any exceptions whatsoever. We must not be understood as intimating by this last remark that the court ruled erroneously in these matters, or that appellant's counsel were neglectful when trying the case, for such an intimation would be without justification. Passing, then, to a brief discussion of such of the alleged errors as were covered by exceptions, and are worthy of attention, we can say that appellant's requests numbered seven and eight were in substance the same. The seventh was given, and the eighth also, with a slight modification, which did not affect its application to the facts in hand, nor could it have injured the appellant.

3. In reference to the refusal of the court to give appellant's ninth and tenth requests, it can be said that in the former the law was not correctly stated, while in the latter no attempt was made to state any proposition of law. The plaintiff could not be absolved from a duty to exercise ordinary care when attempting to remove the hand car from the track, simply because he was obeying orders given him by the section boss. That he could was the substance of the ninth request. In the tenth was the mere statement of a circumstance which had appeared in evidence, to which appellant's counsel attempted to call special attention that it might be considered by the jury when passing upon defendant's alleged negligence. But the court stated in its general charge, more than once, that every fact and circumstance were to be considered which tended to indicate defendant's negligence. In framing his thirteenth request, really a repetition of requests which preceded it, plaintiff's counsel omitted an important qualification, which was properly supplied by the court in the way of a modification. If the plaintiff possessed the same knowledge of the facts as did Haglund, the section boss, in regard to the contemplated movement of the locomotive, and as to the number of men required to remove the hand car from the track,—and from his own testimony it appears that he was fully advised on both points,—the request as originally submitted was clearly wrong, for it ignored the fact that plaintiff had this knowledge.

4. Finally, plaintiff's counsel argue with zeal and ability that the verdict was manifestly and palpably against the weight of the evidence. The testimony on the second trial was, in substance, the same as that produced on the first; it certainly was no stronger in plaintiff's favor. We had occasion to say on the former appeal that the evidence bearing upon the questions of the negligence of defendant's engineer and fireman, and of the contributory negligence of plaintiff, was not manifestly and palpably in favor of the verdict then under consideration. The trial court was right in submitting the case to the jury upon these issues on the second trial, as well as on the first, and their verdict either way would have been sustainable.

Order affirmed.

(Opinion published 52 N. W. Rep. 1068.)