## MITCHELL v. NORTHERN PAC. R. CO.

### (Circuit Court, D. Minnesota, Fifth Division. October 31, 1895.)

MASTER AND SERVANT—RAILROAD EMPLOYES—NEGLIGENCE OF FELLOW SERVANTS

A car cleaner, while at work inside a coach on a side track, was injured by another coach being kicked against it at an unusual and dangerous rate of speed. *Held*, that he was exposed to the hazards and dangers of railroading, and could recover under the doctrine laid down in Pearson v. Railroad Co., 49 N. W. 302, 47 Minn. 9.

This was an action by Charles Mitchell against the Northern Pacific Railroad Company to recover damages for personal injuries.

William R. Spencer, for plaintiff.

J. H. Mitchell, J. L. Washburn, and J. C. Bullitt, for defendant.

NELSON, District Judge. By consent of parties, this case was submitted to a referee to report findings of fact and conclusions of law; and, upon confirmation thereof by the court, judgment to be entered accordingly. The referee reported, in substance, that plaintiff, on the 25th day of February, 1893, was employed as a car cleaner for defendant at Staples, Minn., and, while so engaged inside a passenger coach on a side track, another coach was kicked in against it at a dangerous and unusual rate of speed by a switching crew, consisting of a locomotive engineer, fireman, foreman, and helpers; that, by reason thereof, plaintiff was injured, without negligence on his part; and damages were awarded him in the sum of $1,500.

Exceptions were filed to the report by defendant's counsel, and, upon due consideration of the case, I am of opinion that there is sufficient evidence to warrant the findings of fact and conclusions of

law arrived at by the referee, and the amount awarded is not excessive. The report of the referee is therefore confirmed, and judgment will be entered accordingly.

The general rule, in the absence of a controlling statute, is that an employé, in the performance of certain specified duties, assumes all the natural and ordinary risks and hazards incident thereto, and those arising from the negligence or carelessness of his fellow servants are no exception. Mitchell and those composing the switching crew were fellow servants, and defendant would not be liable unless plaintiff comes within the provisions of the statute of Minnesota modifying the common-law rule, which reads as follows:

"Every railroad corporation owning or operating a railroad in this state shall be liable for all damages sustained by any agent or servant thereof, by reason of the negligence of any other agent or servant thereof, without contributory negligence on his part, when sustained within this state."

This statute has been construed to apply, not to all railroad employés, but only to those exposed to and injured by the dangers peculiar to the use and operation of railroads. Pearson v. Railroad Co., 49 N. W. 302, 47 Minn. 9, and cases cited.

The question, then, is, does the plaintiff come within this rule? It has been held that a car repairer or section man injured by the act of a fellow servant in carelessly and negligently running him down with a car can recover for such injury, as being exposed to the hazards and dangers incident to railroading; and I see no reason why this plaintiff, under the circumstances, was not exposed in like manner. I hold that the plaintiff is within the terms of the Minnesota statute, and therefore can recover in this action.