AUGUST LINDGREN v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

May 9, 1902.

Nos. 12,907—(75).

**Personal Injury—Complaint—Pleading.**

In an action brought to recover for personal injuries, it is *held* that a cause of action is stated in the complaint, in which it is alleged that while plaintiff was in defendant's employ as a section hand, he was

[1] Reported in 90 N. W. 381.

injured by the carelessness and negligence of fellow servants, also section men, while they were engaged with plaintiff, in removing a hand car from the railway track to make way for an approaching freight train.

Action in the district court for Sibley county to recover $3,000 for personal injuries. From an order, Cray, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*Albert E. Clarke*, for appellant.

*Huebner & Quandt*, for respondent.

COLLINS, J.

In an action to recover for personal injuries, the defendant railway company interposed a general demurrer to the complaint, and subsequently appealed from an order overruling the same. From the complaint it appears that the plaintiff, when injured, was a section hand, and, with three other men,—one of them being the section foreman,—was running and operating a hand car in an easterly direction upon the section on which he worked, and in the proper discharge of his duty. It is alleged that while so engaged the crew of the hand car discovered a freight train approaching from the east, and, in order to avoid a collision, were compelled to remove the hand car from the track; that, while these four men were engaged in lifting and removing the car, two of them "carelessly and negligently, and without warning to the plaintiff, let go and released" their hold upon it, and "carelessly and negligently, and without warning to the plaintiff, allowed and let said hand car drop with great force to the ground," without notifying him that they were about to do so, whereby he was violently thrown across the car and severely injured. The above are, in substance, the allegations as to the negligence complained of.

1. It is contended by counsel for the defendant that it was incumbent upon the plaintiff to state the exact manner in which the accident occurred, and that the foregoing allegations merely state a conclusion, and, in any event, that they fail to show that there was real or actual negligence on the part of the plaintiff's fellow servants, for which the company can be held liable. We

are unable to agree with counsel. If the complaint was more in detail, it might be subject to the criticism that evidence had been pleaded, and not the facts. We regard it as sufficient under our system of pleading.

2. It is further insisted by counsel that the facts, as alleged, do not bring the case within the fellow-servants act (G. S. 1894, § 2701). The proper construction of this section is well settled in a number of cases which have been submitted for our determination. It includes within its scope servants exposed to and injured by the dangers peculiar to the use and operation of railroads, and it goes no further. In Steffenson v. Chicago, M. & St. P. Ry. Co., 45 Minn. 355, 47 N. W. 1068, it was held that a section man whose duty required the use of a hand car, and who was injured through the negligence of a fellow servant while they were operating it together, might recover. That case is decisive of this, although the injuries may not have been received in the same manner. It was the duty of the plaintiff, and it was a part of the operation of the car, to remove it from the track on the approach of a train. It is evident that such removal would be attended with some haste, and be more or less hazardous. It would be much more dangerous to remove such a car from a railway track than it would be to remove an ordinary vehicle from a highway on the approach of another vehicle which might run it down, and this danger was peculiar to the plaintiff's employment and duty, a proper performance of which required him to remove the car in order to avoid injury to himself and his fellows, and danger to the approaching train and to such persons as might be upon it. While thus engaged, he was operating the hand car just as much as when he was employed in "pumping" it along the track, for the removal was connected with, and in consequence of, its operation, and that of the road. Under the circumstances set forth, the operation of the car did not cease when it was stopped for the purpose of removal.

The ruling of the court below was correct, and stands affirmed.