NICHOLAS SWARTZ v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 25, 1904.

Nos. 14,038—(84).

**Fellow Servant—Contributory Negligence.**

It was the duty and custom of firemen when firing locomotive engines to cull out and throw upon the right of way stones and other useless material.  In an action by a sectionman for damages on account of injuries received by a stone hurled from a passing engine by a fireman while engaged in sorting coal, *held:*

1. That the facts set forth in the complaint with respect to the custom of sorting and disposing of the waste matter constitutes actionable negligence on part of the railway company.

2. That such act of sorting and discarding waste material by the firemen while engaged in feeding their engines is work in connection with

[1] Reported in 101 N. W. 504.

the operation of the railroad, and the attendant risk or hazard is one peculiar to such operation.

3. A sectionman, while engaged in the care of a railway track and right of way, was a fellow servant with those in charge of a passing train, and under the circumstances pleaded he was not guilty of contributory negligence, and did not assume the risk arising from the practice of throwing out the discarded material.

The complaint construed, and *held* to state facts sufficient to constitute a cause of action.

Action in the district court for Ramsey county to recover $12,500 for personal injuries. From an order, Olin B. Lewis, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*M. L. Countryman*, for appellant.

*Dodge, McElwee & Dodge*, for respondent.

LEWIS, J.

The essential facts set forth in the complaint are that plaintiff had been in the employ of defendant company as a section foreman for about four years; that there was a railroad yard and side track in the vicinity of the village of Clontarf, Minnesota, where plaintiff was working at inspecting and repairing defendant's roadbed and tracks, and that it was his duty also to remove therefrom and from the right of way all grass, weeds, and combustible matter; that defendant used a cheap and inferior quality of coal in its locomotives, containing large quantities of slate and stone, which it was necessary for the firemen engaged in operating the engines to sort out; that it required special skill and care on the part of the fireman, while his engine was running, to properly sort the coal and remove the slate and stone from the tender to the right of way in such manner as not to endanger the lives of the sectionmen who were constantly at work along the track, roadbed, and right of way; that August 28, 1903, one of defendant's locomotives was operated by its engineer and a student fireman, who was known to be incompetent and wholly ignorant of his duties, including the sorting of the coal and the removal of the slate and stone to the right of way while the engine was in motion; that on that day, while plaintiff was in the performance of his duties at the side track and in the yard near the station of Clontarf, he saw the approaching engine, and stepped aside some eighteen feet from the track to a place of

safety; that the student fireman so negligently and carelessly performed his duty of sorting and throwing away the slate and stone that one piece, weighing about ten pounds, was by him thrown against plaintiff, causing serious injuries. It is further alleged that plaintiff had no knowledge of the presence of such student fireman, and that the injuries were caused without any negligence on his part.

This complaint was demurred to upon the ground that it did not set forth facts sufficient to constitute a cause of action. Objection to the complaint is based upon three grounds: That no negligent act is pleaded; that the injuries did not arise out of those hazards peculiar to the operation of a railroad, so as to make defendant liable for the acts of a fellow servant, under section 2701, G. S. 1894; that plaintiff was guilty of contributory negligence, or assumed the risk.

1. What kind of coal should be used in its locomotives, and, if an inferior quality was selected, whether the same should be sorted while being loaded into the tenders or by the firemen while feeding the engines, were matters entirely within defendant's right to determine. If, as a matter of economy or expediency, the latter method was adopted, it follows that defendant was obliged to use a reasonable degree of care in getting rid of the slate and stone culled from the coal, if it was necessary to deposit the same upon the right of way. It needs no argument to show that the act of hurling pieces of slate or stone weighing ten pounds from an engine in motion, so that they land a distance of eighteen feet, may be attended with serious consequences to persons upon the right of way. It is also apparent that the act of separating and throwing away débris could be done in a careful manner, so that it would fall upon the right of way not so far distant as likely to come in contact with people in the vicinity of passing trains. Negligence in this respect on the part of defendant and its employees is not excused because it was not alleged that it was the duty of the firemen to be on the lookout for sectionmen and give them warning. Under the general allegations of the complaint that it was the practice to dispose of refuse matter in this manner, the company was required to anticipate that other persons rightfully upon the right of way might be in a hazardous position if the work was not done in a reasonably careful manner. The complaint charges a negligent act on the part of defendant in disposing of the débris.

2. The act of sorting coal and throwing away the waste may or may not be a risk or hazard peculiar to the operation of a railroad. That would depend entirely upon the circumstances. While working upon the roadbed as a sectionman, plaintiff was a fellow servant with those engaged in running the train. The safety of each depends naturally upon the conduct of the other, and the work of both is peculiar to the railroad service. Smith v. St. Paul & D. R. Co., 44 Minn. 17, 46 N. W. 149; Neal v. Northern Pac. R. Co., 57 Minn. 365, 59 N. W. 312. In Weisel v. Eastern Ry. Co., 79 Minn. 245, 82 N. W. 576, relied upon by defendant, the locomotive had been run upon a side track, and was standing perfectly still, and it was stated in the opinion that under those circumstances the danger of the contents of the tender being dislodged and falling was not at all different, or in any respect greater, than would exist from a stationary coal bin not connected with the railroad.

However, there is a vast difference between the circumstances set forth in the Weisel case and those now under consideration. The act of separating and discarding the waste matter from the coal upon the right of way while supplying the engine with fuel was just as much a part of the operation of the railroad with respect to risk and hazard arising therefrom to other employees as was the work of the sectionman in taking up rails and putting in new ties in Blomquist v. Great Northern Ry. Co., 65 Minn. 69, 67 N. W. 804, or as the work of clearing away a railway wreck, as held in Kreuzer v. Great Northern Ry. Co., 83 Minn. 385, 86 N. W. 413. These cases are clearly distinguishable from Johnson v. St. Paul & D. R. Co., 43 Minn. 222, 45 N. W. 156, Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249, 41 N. W. 974, and Pearson v. Chicago, M. & St. P. Ry. Co., 47 Minn. 9, 49 N. W. 302.

3. It sufficiently appears from the complaint that plaintiff knew it was the practice of defendant company to sort stones and slate from the coal while the engines were operated, and his conduct upon the question of contributory negligence or assumption of risk must be considered with reference to that fact. It is alleged that plaintiff stepped to one side to a place of safety, and, conceding that this is a conclusion, rather than a statement of fact, yet it appears that the distance was eighteen feet; and in the exercise of his duties as a section-

man in that vicinity, based upon previous observation as to the manner of throwing out refuse matter on the right of way, it may reasonably be inferred that in removing himself to a distance of eighteen feet from the engine he was not guilty of contributory negligence. His conduct must be judged by the nature of the danger, and the degree of care required of him was no more than was commensurate with the risk.

We are inclined to agree with defendant that the complaint was not drawn with a view of setting forth as an independent ground of negligence that the fireman engaged in separating the coal was incompetent to perform his duties as such. The assertions with respect to the inexperience and incompetency of the fireman appear to have been introduced for the purpose of laying stress upon the fact that on the occasion referred to the refuse matter was hurled in a reckless manner to a distance from the engine not reasonably to be anticipated by plaintiff. On this charge of negligence we hold the complaint insufficient.

Order affirmed.