PATRICK WARD v. LOUIS MEEDS and Another.[1]

February 24, 1911.

Nos. 16,789—(141).

**Negligence — questions for jury — evidence.**

In an action to recover for personal injuries resulting from a collision be-

[1]Reported in 130 N. W. 2.

[Note] Imputing negligence of driver to passenger, see note in 8 L.R.A.(N.S.) 597.

As to negligence in operation of automobile, see note in 1 L.R.A.(N.S.) 215.

tween defendant's automobile and the vehicle in which plaintiff was riding, caused, as alleged, by the negligence of defendants, it is *held* that the questions whether plaintiff and the other persons in the vehicle with her were engaged in a joint enterprise, so that the negligence of the driver would be imputable to her, and whether the driver was guilty of contributory negligence, were properly submitted to the jury, and the evidence sustains the verdict.

**Evidence — charge to jury.**

The record presents no reversible errors, either in the admission or exclusion of evidence, or in the charge or refusal to charge the jury.

**Damages not excessive.**

The damages awarded are not excessive, and the court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county by the father of Margaret Ward, a minor, to recover $15,000 for personal injuries sustained by his daughter in a collision with an automobile owned by defendant Pierce and driven by defendant Meeds. The negligence alleged was that the machine was operated without lighted lamps visible from the front of the car and at an excessive rate of speed, without giving warning of its approach, and when the vehicles met on the highway, defendants omitted to slacken speed or to turn to the right so as to give the vehicle in which plaintiff was riding one-half of the traveled road and an opportunity to pass the automobile in safety. The answer alleged plaintiff's contributory negligence. The reply was a general denial. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $3,000. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellants.

*Dodge & Tautges,* for respondent.

[JAGGARD, J.][1]

A collision occurred between a single-seated one-horse rig, in which were seated plaintiff and respondent and three others, and an automobile, which was owned by defendant and appellant Pierce, and driven by defendant and appellant Meeds. The pleadings charged, and the jury found, that this collision was due to defendants' negli-

[1]See per curiam order on page 22.

gence. The jury returned a verdict in plaintiff's favor for $3,000. Defendants' motion for a new trial was denied. This appeal was taken from a judgment entered for plaintiff.

Defendants insist that (1) the undertaking was a joint one, and that negligence of the driver of the buggy was imputable to plaintiff. It is elementary that negligence may be imputed in cases where parties are engaged in the joint prosecution of a common purpose, or, as is commonly termed, in a joint venture. Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L.R.A. 74; Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386; Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763; Cotton v. Willmar & S. F. Ry. Co., 99 Minn. 366, 109 N. W. 835, 8 L.R.A.(N.S.) 643, 116 Am. St. 422; Follman v. City of Mankato, 35 Minn. 522, 29 N. W. 317, 59 Am. Rep. 340. There is no controversy as to principle. The only question arises as to its applicability to the facts in this case. Here one Tereau invited plaintiff, and one Brills "requested the presence of Mrs. Solberg as his companion," on a pleasure drive. Brills went to a livery barn, hired a horse and a one-seated rig, and drove during the evening. Tereau sat on the left-hand side of the buggy and held respondent's daughter on his lap. Brills was on the right-hand side on the lap of Mrs. Solberg. For the purposes of plaintiff's case, it may be conceded that Brills did not keep a proper lookout, as he should have done; that the danger of collision with the automobile was apparent, and Brills should have discovered and avoided it; and that this amounted to contributory negligence on his part. The difficulty is that his negligence is not, under the circumstances stated, to be attributed to the plaintiff. The question whether the parties were engaged in a joint enterprise was one of fact for the jury. But we hold that the question of Brills' contributory negligence was one of fact for the jury, and that the evidence sustains their verdict.

2. Defendant has also assigned a number of errors on rulings on evidence. The driving party had gone to Bass Lake. The court properly restricted an inquiry as to the character of that resort and Brills' previous visits there. It is possible that this might have had some bearing on Brills' contributory negligence; but, assuming that

negligence, as has been pointed out, the defendant is not entitled to prevail here. The court also sustained objections as to whether Tereau had ever been out with Mrs. Solberg or Miss Ward before. The fact that these parties may or may not have been in the habit of taking evening drives did not tend to show that these parties were engaged in a joint enterprise. Differentiate Smith v. St. Paul & Duluth R. Co., 51 Minn. 86, 52 N. W. 1068.

So, also, the court sustained respondent's objection to a question designed to elicit an admission by Mrs. Solberg that she had said that the men in the buggy were intoxicated. The design of this question was to lay a foundation for impeaching the testimony of the witness. It was, of course, within the discretion of the trial court how far he would permit such a digression from a literal narrative. The court overruled appellant's objection to a question respecting the nature of the injury to plaintiff's shoulder and back. The allegations in the complaint set forth that she suffered internal and external injury. This particular allegation was followed by an allegation "that her entire body was bruised, jarred, and injured, her left limb and knee, and the bones thereof fractured and broken, her face, arms, and limbs otherwise cut and bruised, and the plaintiff's said daughter otherwise injured and made sick, sore, and lame in her entire body." Under the allegations that she was injured otherwise than as particularly described, and made sick and sore and lame in her entire body, the evidence was properly received. We are unable to perceive that defendants were taken by surprise and put in position where they could not refute respondent's testimony.

Defendant has, in this connection, called our attention to a number of other cases, which differ so obviously from the case at bar as to justify no discussion. Chesapeake v. Hammer (Ky.) 66 S. W. 375; Pinney v. Berry, 61 Mo. 359; Cincinnati v. Bennette, 134 Ky. 19, 119 S. W. 181.

The rulings on a number of other questions are assigned as error. They call for no special discussion.

Plaintiff recovered a verdict for $3,000. There was evidence, among other things, that the girl's left kneecap had been broken

and her collar bone dislocated. She was seventeen years old, and strong and healthy. Since she was hurt she had suffered from pain all the time. She had performed no work, and at no time felt able to. She is unable to lift anything heavy. She was injured on August 23. The case was tried the middle of the following February. The learned trial judge heard the testimony, saw the girl, and approved the verdict which the jury rendered. We find no cause for our interference.

There was no abuse of discretion in denying the motion for a new trial on the ground of newly discovered evidence.

Judgment affirmed.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, and in harmony with the views of the court, the judgment appealed from is affirmed.