HENRIETTE SCHMIDT, APPELLEE, V. VILLAGE OF PAPILLION, APPELLANT.

FILED NOVEMBER 27, 1912.   No. 16,836.

1. Appeal: RECORD. Affidavits used on the hearing of a motion for a new trial cannot be considered in this court unless preserved in a bill of exceptions.

2. Pleading. Where a petition in an action for personal injuries sets out the facts, it is unnecessary to plead the legal conclusion to be drawn therefrom.

3. Appeal: CONFLICTING EVIDENCE. Where the verdict of a jury is reached upon conflicting evidence sufficient to sustain a recovery in favor of either party, this court will not disturb the verdict.

APPEAL from the district court for Sarpy county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*James T. Begley,* for appellant.

*William R. Patrick* and *Ernest R. Ringo, contra.*

LETTON, J.

Action for damages for personal injuries alleged to have been received by falling upon a defective sidewalk in the village of Papillion. Plaintiff recovered a verdict and judgment for $200. Defendant appeals.

There have been two trials of this case in the district court. At the close of the first trial a motion for a new trial was filed, which was granted by the court. This is assigned as error. The motion was submitted upon affidavits which are not preserved in the bill of exceptions. We must, therefore, presume the evidence justified the action of the district court in granting a new trial.

The defendant contends that the petition fails to state a cause of action. In substance, it pleads that the defendant is a municipal corporation; that the sidewalk along the east side of lots 1 and 2, in block 23, was in a

dangerous and defective condition, describing the same; that it was in that condition on the day of the accident and for several months prior thereto; that the plaintiff, while passing on the walk, tripped on one of the loosened boards, fell, and received the injuries described in the petition; that due notice was given to the village authorities of the accident; and that by reason of the injuries plaintiff has been damaged in the sum of $1,500.

It is said the petition fails to charge negligence, a duty to repair, and neglect of the same, and that sufficient time has elapsed for the repairing; that it fails to charge notice of the defect, and due care on behalf of the plaintiff. When a petition sets out the facts, it is unnecessary to plead the legal conclusions to be drawn therefrom.

It is contended that the verdict is contrary to the evidence. The evidence on the part of defendant tends to prove that the walk was in a good state of repair at the time of the accident; that it had been inspected by the village authorities about four months before and found to be in good order; that it appeared to be sound, as far as any one could see, and that it was not until about four or five days after the accident that a loose board was discovered near the point where plaintiff fell. There was also testimony that plaintiff had said that the injury was caused by her tripping and falling between the sidewalk and the fence, striking her knee and hip on the edge of the walk, and not by falling forward as she testified at the trial. On the other hand, there is testimony that plaintiff fell from tripping on a loose or broken board; that the sidewalk at that point at the time of the accident, and for a number of months before, was in a defective and dangerous condition; that a part of the cross-boards were broken and loose; that it was shaky and had settled so that one side was lower than the other; that the stringers on which the boards were nailed were so rotten that nails would not hold therein and stuck up above the boards. The evidence being in this condition, it is apparent that we cannot interfere with the verdict of the jury.

The charge of the court covers the issues presented, and we think the defendant has no cause to complain of the refusal to give the instruction requested.

We find no error in the record. The judgment of the district court is

AFFIRMED.