Judge v. Wallen.

---

JAMES E. JUDGE, SR., APPELLEE, v. JAMES E. WALLEN ET AL., APPELLANTS.

RUTH JUDGE, APPELLEE, v. JAMES E. WALLEN ET AL., APPELLANTS.

FILED APRIL 3, 1915.   No. 18061.

1. **Automobile Accident: JOINT LIABILITY.** While two traveling salesmen are engaged in the joint enterprise of transporting themselves by automobile over the territory canvassed by both for different merchants, one of the salesmen owning and operating the auto-

mobile and the other paying sums about equal to the cost of gasoline and oil consumed, the latter, if possessing joint control over the automobile, may be liable for the negligence of the other in operating it; both being occupants at the time.

2. ———: COMMON ENTERPRISE: QUESTION FOR JURY. Whether a person riding in the automobile of another is engaged in a common enterprise with the latter is a question for the jury, where it is an issuable fact in the case.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. J. Doyle,* for appellants.

*Berge & McCarty, contra.*

ROSE, J.

James E. Judge, Sr., and two minor daughters, seated in a buggy drawn by a horse, were traveling north on the east side of Eleventh street in the city of Lincoln about 7 o'clock in the evening of August 31, 1911. Between Wood and Washington streets they were struck violently by an automobile which had approached from the rear. James E. Wallen and Benedict E. Binger were occupants of the automobile, and they are the defendants. It is charged in the petition that the automobile was negligently operated, that it was driven at an unlawful rate of speed, about 40 miles an hour, and that the lights were defective. The negligence thus imputed to defendants was denied by them. James E. Judge, Sr., recovered a judgment of $600 for personal injuries and for damages to his horse and buggy. His infant daughter, Ruth Judge, recovered a judgment of $2,000 for personal injuries. The two cases were consolidated for the purposes of trial. Defendants have appealed.

The decisive point arises on a challenge to the jurisdiction of the district court for Lancaster county. Wallen was a resident of Gage county and was therein served with notice of the suit. He was not properly brought into court, unless he and Binger were jointly liable for negligence resulting in the collision. Binger denies responsibility for the accident, and insists that the automobile was

owned and operated by Wallen who had it in his exclusive control. There is convincing proof that the proximate cause of the injuries was negligence in the operation of the automobile. The trial court permitted the jury to find that defendants were jointly liable. Is the ruling correct? There is evidence from which the following facts or conclusions may be inferred: Defendants were traveling salesmen for different wholesale merchants and canvassed practically the same territory. Several weeks before the accident Wallen invited Binger to ride with him over the territory canvassed in common and the invitation was accepted. Binger paid sums about equal to the cost of gasoline and oil consumed, Wallen owning and operating the automobile. Binger shared the seat with him. For their mutual benefit they were engaged in the joint enterprise of transporting themselves over the territory canvassed by both. Binger was not a mere passenger or a gratuitous guest. The facts and conclusions stated may fairly be inferred from the proofs. The dangers and liabilities incident to the joint enterprise, the instinct of self-preservation, the demands of business in canvassing territory for a wholesale merchant, safety and comfort in traveling, the furnishing of gasoline, the joint occupancy of the seat in the conveyance, and the obvious rights growing out of the mutual undertaking may imply that Binger had joint authority to control the means of transportation and the right to demand ordinary care and observance of the law in operating the automobile. As a reasonably prudent person he must have been familiar with the danger of driving a motor car with defective lights at an unlawful speed along a busy street in the dusk of the evening. The circumstances were such that the negligence of one may be imputed to the other. While it was held in *Loso v. Lancaster County,* 77 Neb. 466, that the doctrine of imputed negligence is not in force in this state, "except with respect to the relation of partnership, or of principal and agent, or of master and servant, or the like," the law applicable to the exceptions has been stated as follows:·

"Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. If, however, two or more persons unite in the joint prosecution of a common purpose, under such circumstances that each has authority, express or implied, to act for all in respect to the conduct or the means or agencies employed to execute such common purpose, the negligence of any one of them in the management thereof will be imputed to all of the others." *Koplitz v. City of St. Paul,* 86 Minn. 373, 58 L. R. A. 74.

To the same effect: *Ward v. Meeds,* 114 Minn. 18; *Beaucage v. Mercer,* 206 Mass. 492; *Adams v. Swift,* 172 Mass. 521; *New York, C. & St. L. R. Co. v. Kistler,* 66 Ohio St. 326; *Christopherson v. Minneapolis, St. P. & S. S. M. R. Co.,* 28 N. Dak. 128; *Schron v. Staten Island Electric R. Co.,* 45 N. Y. Supp. 124; *Nesbit v. Town of Garner,* 75 Ia. 314; *McBride v. Des Moines City R. Co.,* 134 Ia. 398.

Whether defendants were engaged in a joint enterprise was a question for the jury. *Nesbit v. Town of Garner,* 75 Ia. 314; *Ward v. Meeds,* 114 Minn. 18.

In the view thus taken of the evidence and the law applicable thereto, the trial court acquired jurisdiction, and the findings of the jury are justified by the proofs.

The verdicts are assailed as excessive, but sufficient reasons for interference on that ground have not been given.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.