ROBERT YOST, APPELLEE, v. NELS S. NELSON, APPELLANT: IOWA-NEBRASKA LIGHT & POWER COMPANY, APPELLEE.

FILED NOVEMBER 10, 1932. No. 28275.

*Good, Good & Kirkpatrick* and *Herman N. Mattley,* for appellant.

*Flansburg & Lee* and *John O. Sheldahl, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is a personal injury action in which plaintiff recovered judgment, and defendant has appealed.

Plaintiff was injured in an automobile collision which he charges was caused by negligence of defendant. On June 14, 1930, plaintiff was riding in a Chevrolet coupé,

owned and operated by one Gray. They were traveling east on the S. Y. A. highway a few miles east of Seward. Defendant Nelson, accompanied by his wife and two guests, was traveling west on the same highway. The two cars collided. The point of contact between the two cars was the right front end of each, to the width of about 18 inches. After the collision defendant's car remained almost in the same position in the highway as at the time of impact. It was headed slightly to the south of west. Gray's car was thrown a considerable distance, and came to rest on the north side of the highway and off the traveled portion, facing nearly south.

In his petition plaintiff charges that defendant was traveling at a high rate of speed and on the south or left-hand side of the highway, and that, when it was apparent that Gray's car could not pass defendant's car on the south or right-hand side of the highway, an instant before the collision Gray sharply turned to the left to avoid a collision. On the other hand, defendant contends that Gray was traveling on the north or his left-hand side of the highway and that, when they were approaching very close together, defendant turned to the left, trying to avoid a collision. Defendant contends that after the collision his car was near the center of the highway; that the left front wheel was a little to the south of the center of the highway; the right front wheel to the north of the center, and that both of the rear wheels of his car were to the north of the center. The evidence on behalf of plaintiff tends to show that defendant's car came to rest, or stopped, near the south side of the highway, and too close to permit a car, going in the opposite direction, to pass with safety on the south side thereof. The evidence on behalf of plaintiff tends to support his contention, while that on behalf of defendant tends to support defendant's contention. There is a hopeless and irreconcilable conflict in the evidence.

In law actions it is the function of the jury to determine issues of fact as to which the evidence is in conflict.

Defendant's contention that the evidence is insufficient to justify a finding that defendant was negligent in the premises is not well founded.

Defendant argues that the trial court erred in permitting the jury to consider, as an element of damages, medical and hospital expenses incurred by plaintiff in treatment and care of his injuries, sustained in the automobile collision, on the ground that plaintiff has not paid nor become legally liable for such expenses. The evidence shows that the hospital and medical bills were paid by plaintiff's employer, as an advance of funds to plaintiff, and that he was to recompense his employer for the funds so advanced. Plaintiff, in a personal injury action, may recover for medical and hospital expenses, necessitated by the injury, if he has paid such expenses or incurred liability therefor. The question of recovery for medical and hospital expenses was properly submitted to the jury.

It is argued that it was error to admit evidence of an injury to plaintiff's brain, on the ground that the particular injury was not pleaded and was not the natural and necessary result of injuries alleged in the petition. In his petition plaintiff alleged that he had sustained severe and serious injuries to his person, "consisting, among other things, of bruises, lacerations and contusions to his * * * head; a deep cut and severe bruise to his right eye, * * * that plaintiff's nose was severely fractured," etc.

We are of the opinion that the allegations of the petition were sufficient to permit proof that the brain was affected as a result of the bruises and contusions on his head, and that the facts do not bring the case within the rules of law contended for by defendant.

It is contended by defendant that at the time of the accident plaintiff and Gray were engaged in a joint enterprise, and that any negligence on the part of Gray should be imputed to plaintiff.

The evidence discloses that plaintiff and Gray were employed by the same corporation; that Gray owned and operated the car in which plaintiff was riding. The ac-

cident occurred late Saturday afternoon. Plaintiff and Gray had both completed their work for their employer for that week, and were not returning to their headquarters or regular places of abode. Gray's family lived in Iowa, and he was going there to spend Sunday. Plaintiff had been invited to have dinner on Sunday with friends in Lincoln, and Gray consented to carry him as far as Lincoln. There was no joint occupation at the time, no joint purpose in the trip, and no joinder of the two in the expenses thereof. Plaintiff had no authority over the actions of Gray, and there was no joint control of the car.

In *Judge v. Wallen,* 98 Neb. 154, this court held: "While two traveling salesmen are engaged in the joint enterprise of transporting themselves by automobile over the territory canvassed by both for different merchants, one of the salesmen owning and operating the automobile and the other paying sums about equal to the cost of gasoline and oil consumed, the latter, if possessing joint control over the automobile, may be liable for the negligence of the other in operating it." In the opinion is quoted with approval the following from the case of *Koplitz v. City of St. Paul,* 86 Minn. 373: "Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. If, however, two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the conduct or the means or agencies employed to execute such common purpose, the negligence of any one of them in the management thereof will be imputed to all of the others." The facts disclosed by the record in the instant case clearly show that plaintiff and Gray were not engaged in a joint enterprise.

It is strenuously contended that the court erred in submitting to the jury an alleged act of negligence regarding which there was no evidence. Among the alleged acts of

negligence was that defendant was operating his car without proper brakes. No evidence upon this point was introduced. Defendant testified that he did not apply his brakes. The trial court, in outlining the issues presented by the pleadings, stated this as one of the allegations made by plaintiff in his petition, and further on it gave specific instructions with regard to acts of negligence which were supported by evidence, but not with reference to this act. The trial court further instructed the jury that only such acts of negligence could be considered as the jury might find were sustained by a preponderance of the evidence.

It would have been much better practice for the trial court to have outlined to the jury only such issues of fact as were supported by the evidence. However, in the instant case it is plain that the only act of negligence that could have influenced the jury was that defendant was driving on the wrong side of the highway and not keeping a proper lookout. The further fact that defendant testified that his brakes were not applied would certainly inform the jury that, if the brakes were defective, they had nothing to do with causing the accident.

We are persuaded that the mere stating that plaintiff alleged in his petition defective brakes as an act of negligence could not have influenced the jury in arriving at their verdict, and, while it may have been error, it was not prejudicial. Only errors that are prejudicial to the complaining party are grounds for reversal of a judgment.

Defendant seems to urge that plaintiff was permitted to recover for earning capacity in an occupation in which he was not employed at the time of the accident. Without objection, evidence was received that plaintiff, by occupation, was a lineman, and that the duties of a lineman were working on telephone poles, installing wires and equipment, and that a regular lineman received wages of $140 a month, or more. It is true that at the time of the accident, resulting in his injuries, plaintiff was engaged

in assisting in the survey of a gas pipe line between Crete and Seward, and was receiving but $125 a month. Because of his injuries, he was unable to resume his occupation as a lineman; one of his legs was so injured that he did not have the full use thereof, and, as a result of his injuries, he was dizzy and unable to retain his balance, which rendered it unsafe and practically impossible for him to climb poles, or work at any considerable height, or to resume his former occupation of lineman. The court instructed the jury that, in fixing the amount of damages, they might take into consideration any impairment shown by the evidence in plaintiff's earning capacity.

In 17 C. J. 903, it is said: "Diminution of earning capacity is not, of necessity, measured by its diminution in the particular calling in which plaintiff was engaged at the time of the injury, or by the amount of wages which he was then receiving; hence, plaintiff may show that he was capable of earning more than he was earning at the time of the injury, and the jury may consider what plaintiff might have been able to earn but for the injury in any employment for which he was fitted." We think the criticism in this respect is not justified by the record.

Finally, it is contended that the verdict is excessive. There is no rule to determine with exactness the amount that would compensate a person for personal injuries sustained. It must be left to the good judgment of the jury, and, unless from the evidence the court can say, as a matter of law, that the recovery is excessive, the verdict will not be disturbed.

There is evidence in the record tending to prove that plaintiff's injuries were severe and, in a number of respects, permanent; that the bones of his nose were crushed; that the air passage in one side of the nose is entirely obstructed and the other partially so, so that breathing through the mouth is necessary. His face is permanently disfigured. One leg was permanently injured, resulting in partial loss of its function. There was an injury to the tenth dorsal vertebra, resulting in im-

40

pingement on the nerves and causing pain and discomfort, which is probably permanent. As a result of his injuries, he cannot stoop and lift heavy objects. He is subject to dizziness and experiences difficulty in maintaining his equilibrium; suffers frequent headaches, and his earning capacity has been considerably reduced. He is unable to follow his occupation of lineman. In view of the facts disclosed, we are unable to agree with defendant that the court can say, as a matter of law, that the recovery is excessive.

Prejudicial error has not been found. The judgment is
AFFIRMED.