ELIZABETH BANTA, APPELLEE, V. MINNIE E. MCCHESNEY ET AL., APPELLANTS.

FILED NOVEMBER 9, 1934.   No. 29023.

*Lee R. Kenny* and *Spittler & Nicholson,* for appellants.

*Frost, Hammes & Nimtz, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

EBERLY, J.

This is an action to recover damages for personal injuries and loss of earnings sustained by Elizabeth Banta, when, through the alleged negligence of the defendants McChesney, she was struck and injured by their automobile. There was a trial to a jury, and a verdict for $2,500 returned in favor of plaintiff. The trial court required the filing of a remittitur for $500, which requirement was complied with by plaintiff. Thereupon defendants' motion for a new trial was overruled.

There are but three errors relied on by appellants in this court, and these we will consider in their order.

The first one is that the verdict is excessive. It may be said that the cause was submitted by the trial court upon instructions which, in the present proceeding, must be deemed concededly correct. Under these circumstances, the rule appears to be that a verdict awarding damages for personal injuries will not be disturbed as being excessive, unless this court can say as a matter of law that the amount thereof is excessive. *Yost v. Nelson,* 124 Neb. 33; *Curran v. Union Stock Yards Co.,* 111 Neb. 251; *Schrage v. Miller,* 123 Neb. 266, 279. In the instant case, in view of the evidence in the record, we are of the opinion that the amount of the judgment, when considered in connection with the fact that a remittitur was made, is amply supported.

The second assignment of error relates to the alleged error of the jury in allowing $1,000, as part of their verdict, for the use and benefit of the husband. This contention was supported in the district court by affidavits of certain jurors filed in support of defendants' motion for a new trial. These affidavits appear only in the transcript

and are not incorporated in the bill of exceptions, as settled and allowed by the trial court. Under these circumstances, the necessary affidavits may not be considered on appeal. The rule is that affidavits used on the hearing of a motion for a new trial cannot be considered in this court unless preserved in a bill of exceptions. *Schmidt v. Village of Papillion*, 92 Neb. 511; *Bartlett State Bank v. Johnston*, 110 Neb. 782; *Hannah v. American Live Stock Ins. Co.*, 111 Neb. 660; *Lee v. State*, 124 Neb. 165.

The third and last assignment of error relates to the alleged misconduct of plaintiff's attorneys. This matter was presented in the first instance to the trial court in the form of an affidavit of a witness who had testified for plaintiff at the trial, which was presented in support of defendants' motion for a new trial. This affiant appeared in person before the trial court prior to the ruling on this motion for a new trial, repudiated the alleged affidavit, and denied the execution thereof. In behalf of plaintiff a number of counter affidavits were also presented, which fully negatived the alleged facts as set forth in the repudiated affidavit. The issue was thus one of fact for determination by the district court. Under all the circumstances we are unable to find that the trial court committed error in overruling defendants' motion for a new trial.

Plaintiff presents the request that this court set aside the remittitur as directed by the trial court. This matter is now properly presented to this court. Comp. St. 1929, sec. 20-1929; *Miller v. Central Taxi Co.*, 110 Neb. 306; *Christoffersen v. Weir*, 110 Neb. 390; *Loy v. Storz Electric Refrigeration Co.*, 122 Neb. 357. Upon careful consideration of the record, however, we are of the opinion that it does not disclose any abuse of discretion on the part of the trial court in making the order here complained of, and its action thereon is approved.

It appearing that the judgment of the trial court is correct, the same is

AFFIRMED.